## Samuel Scott, appellant *v.* John Thomas, appellee.

*Appeal from St. Clair.*

There is no distinction in law between a promise to pay the debt of another, and a promise to do some collateral act by which such payment might be obtained. The circuity of the process, does not vary the principle.

Where the moving consideration for the promise, is the liability of a third person, there the promise must be in writing; but if there is a new consideration moving from the promisee to the promisor, there the superadded consideration makes it a new agreement, which is not within the statute.

A parol promise to pay the debt of another, is void.

THIS was an action of *assumpsit* commenced in the St. Clair Circuit Court, by the appellee against the appellant.

The cause was tried at the April term, 1831, before the Hon.

(1) 4 Dallas, 8. *See* 1 Peters' Cond. Rep. 208, notes; Gordon's Dig. ed. of 1837, 125, 128.

Theophilus W. Smith and a jury, and a verdict rendered for the appellee for $114,40. Judgment was rendered on this verdict, and an appeal taken to this Court.

J. SEMPLE, for the appellant, cited 8 Term R. 80; 1 Bur. 373; 1 Bos. & Pul. 158; 4 Barn. & Ald. 601—2; 5 East 10; 2 Saund. P. & E. 547; 1 Starkie 10; 2 Taunt. 38; 6 East 602; 2 Saund. P. & E. 902; 4 Johns. 422; Am. Dig. 168, § 15, 16; 5 Cranch 142; 7 Johns. 205; 8 Johns. 29; Am. Dig. 260, § 20, 23.

As to the mode of raising the question presented in this case, he cited 4 Johns. 237; 10 Johns. 141; 1 Chitty Pl. 471, 475; 1 Wilson 305; 3 Johns. 210; 4 Mass. 378.

D. BLACKWELL, for the appellee.

WILSON, Chief Justice, delivered the opinion of the Court :(1)

The declaration of Thomas, the plaintiff below, contains three counts. The first charges that William Biggs and William Biggs, Jr. were indebted to him by note, and that in consideration that he would forbear until the next term of the Court, to sue on the same, that Scott, the defendant, promised if the Biggs did not pay it, that he would; and that he, Thomas, did forbear to sue, but that neither the Biggs nor Scott had paid the same. The second and third counts charge that in consideration of forbearance to sue the Biggs on said note, the defendant promised, if the Biggs did not pay it by the next Court, that he, defendant, would foreclose a mortgage which he held from the Biggs, upon a tract of land, and that the plaintiff might buy it in for $1,25 per acre, if it would not sell for more; and after satisfying his own debt, pay the surplus, if any, over to defendant; and that he did forbear to sue, and that the note was not paid, and the defendant did not foreclose his mortgage, and permit the plaintiff to buy in the land, and satisfy his debt. To all these counts, the defendant pleaded, 1st, non-assumpsit; 2d, that the promises, if made, were by parol, and therefore void by the statute of frauds and perjuries. To the second plea, the defendant demurred, and the Court sustained the demurrer. A trial was had on the plea of non-assumpsit, and a verdict and judgment given for the plaintiff. Several exceptions were taken to the instructions given to the jury, and to the opinion of the Court in refusing to give instructions asked for. It will be unnecessary to notice these exceptions, as the question raised by the decision of the Court upon the demurrer to the declaration, will settle the case. In the argument of this case, a distinction was attempted to be drawn between a promise to pay the debt of another, and a promise to do some collateral act by which such payment might be obtained. No such distinction, however, is recognised by any of the cases relied on, nor does any

(1) SMITH, Justice, dissented from the opinion of the Court.

such exist. If the act promised to be done, is in its consequences to operate as a discharge of the debt of another, the circuity of the process by which that object is proposed to be effected, does not vary the principle of the case.

The promise, as charged in the second and third counts of the declaration, was in effect to pay the debt of the Biggs, but out of a particular fund, and in a particular way, in consideration of forbearance. This agreement is clearly within the statute of frauds and perjuries. The distinction in relation to promises under that branch of the statute applicable to this case, is that where the moving consideration for the promise is the liability of the third person, there the promise must be in writing; but if there is a new consideration moving from the promisee to the promisor, as where he gives up some lien or security, there the superadded consideration makes it a new agreement, for the performance of which no third person is liable, and, consequently, it is not within the statute.

In the present case, the only moving consideration for the defendant's undertaking, is the liability of the Biggs. No advantage can accrue to the defendant; his promise is a collateral one, and being by parol, is void, under the statute.(1)

The judgment of the Court below is reversed with costs.
*Judgment reversed.*

(1) Fish *v.* Hutchinson, 2 Wilson, 94.