CHARLES B. PHILLIPS, Plaintiff in Error, *v.* A. STONE *et al.*, Defendants in Error.

### ERROR TO COOK.

Petitioners for the benefit of a mechanics' lien must bring themselves, by their pleading, within the terms of the statute.

The petition must aver a time within which, by the agreement, the contract was to be performed, and the time when the money was to be paid as limited by the statute, and on the hearing, these allegations must be proved.

THIS was a proceeding by defendants in error, against plaintiff in error, to enforce a mechanics' lien.

The bill states that Phillips, being about to erect a building on lots 30 and 31, in block four (4), in Fort Dearborn Addition to the city of Chicago, on South Water street, near the Richmond House, had plans and specifications drawn by an architect or superintendent.

That according to the plans, the building was to have patent rolling shutters.

That at that time Wm. B. Olmstead was the architect. That the different parts of the building were open for bidders, and defendants made proposals, or bid for the making and setting up of Mellan's patent rolling shutters, according to the plans in the architect's office, together with castings necessary for the same, as shown in the plans at the office of said Wm. B. Olmstead, for the sum of $2,950. Payments as follows : $2,000 cash when the front is up, without the shutters attached— balance to be paid upon completion of the work according to contract. Contract is made Exhibit A.

That Phillips accepted the bid, and defendants agreed to do the work according to the proposals, and Phillips agreed to pay according to the propositions.

That the plans are in the possession of the architect, and are referred to, and a copy made Exhibit B. All which was to be done to the satisfaction of the architect.

That no time was specified for the doing said work by defendants, but was to be done in time for other work on the building.

That during the month of October, 1856, defendants set up part of the work, according to the order of the architect, and the work was then ordered to be stopped for the present.

That W. B. Olmstead ceased to be the architect some time previous thereto, and Wm. W. Boyington was appointed the superintendent, and he has superintended the work ever since.

That during the month of January last, or about that time, defendants received orders from the superintendent to go on with the work and complete the same.

That the defendants immediately proceeded to complete said work, and on or about the 10th June, 1858, did fully complete the same, in accordance with the plans and specifications, and to the satisfaction of the superintendent. A copy of certificate of that fact is attached, and made Exhibit C.

That by certificate, defendants, to fully complete the work on their part, were required to furnish a crank, which was immediately done.

That defendants have been ready and willing to perform said

work, and have, by themselves or N. S. Bouton, fully performed and completed the same, as proposed, and to the satisfaction of those in charge of the work.

That soon after the contract was made, the firm of Stone, Boomer & Bouton dissolved, and said Bouton undertook the performance of the contract by agreement with Stone, Boomer & Bouton, and hence the certificate runs to said Bouton.

That the sum, with a large arrear of interest thereon, is now fully due and owing defendants, and they have often requested Phillips to pay the same, but he has failed to do so.

That defendants did said work and furnished materials at the request of said Phillips, who was the owner of the above lots, and still is.

That on the 29th June, 1858, said Phillips made a mortgage on lot 30, block 4, in Fort Dearborn Addition to Chicago, to secure Wm. Bowne, of the city of New York, the sum of $20,000, payable in five years, with seven per cent.

That he executed another mortgage on the same day to Wm. Bowne, to secure a like sum on lot 31, in same block—five years, at seven per cent.

That nothing is due on said mortgages, and the debts are one and the same, but whether anything is due to Wm. Bowne or not, the mortgage is subsequent to defendants' lien for work.

That Charles Linkfield recovered a judgment on the 25th March, 1858, against said Phillips, for $370 and costs, but defendants aver that said judgment is satisfied, but that it is also subsequent to their lien.

Pray that Phillips, Bowne and Linkfield may be made defendants, and that amount due defendants may be ascertained and decree entered for same with interest, and that the same may be adjudged to be a prior and first lien on said lots, and that the same may be sold to pay the same.

Defendants' proposal is as follows: " We hereby propose, for the making and setting up of Mellan's patent rolling shutters for the Phillips buildings, as per plans shown in your office, together with castings necessary for same, as shown in the plans at your office, for the sum of $2,950. Payment, $2,000 cash when the front is up, without the shutters attached; balance, on completion of the work according to contract."

Certificate:

MR. N. S. BOUTON — *Dear Sir:* I hereby certify that I have examined the designs, details and drawings, as made by Olmstead and Nicholson, architects for Mr. C. B. Phillips' iron store, front on South Water street, near the Richmond House. I have also examined the work as put up by you, and consider it as completed according to the designs and drawings, and is now in working order. You

will please furnish the cranks for the turning up the iron shutters, and leave them at my office, subject to Mr. Phillips' order.

WM. W. BOYINGTON, *Superintendent.*

The case is reversed on account of defects in the petition. The other pleadings and the proof are therefore omitted.

The court below, MANIERRE, Judge, decided that the prayer of the petitioners should be granted, and a decree entered in favor of the defendants in error, for the sum of $3,286.06, $336.06 of that amount being for interest.

Assignment of errors:

1. The petition of defendants does not contain facts and allegations sufficient to establish and maintain a lien on the premises; it does not appear by the petition that the work was done and materials furnished under any contract specifying the time within which the same were to be done and furnished.

2. The court erred in allowing interest upon the amount claimed, when there was no allegation in the petition, and no proof that payment was withheld by an unreasonable and vexatious delay of payment.

3. Judgment should have been rendered for plaintiff in error.

SCATES, MCALLISTER & JEWETT, for Plaintiff in Error.

SHUMWAY, WAITE & TOWNE, for Defendants in Error.

BREESE, J. We are called upon by the defendant in this case to review our previous decisions upon the mechanics' lien law, and correct what is alleged to be erroneous rulings in relation to it. This we are always prepared to do, having no overweening pride of opinion to deter us, but anxious to re-examine and reconsider all questions which may be supposed to have been hastily adjudged. The law in question has received, at various times, the closest scrutiny of the court, and whilst we admit it should have a liberal construction, when applied to cases clearly within its provisions, we are forbidden to bring cases within it which the legislature have not included. Should we do so, we would be justly chargeable with judicial legislation. It is far better to leave omitted cases to the future action of the same power that enacted the law. We can see no justice or propriety in extending a law by liberal construction, which is partial in its operation, designed to benefit one class of community over all others, and opposed to common right, so as to create mortgages and secret liens, in cases where the

legislature have not said they should exist. We hold now, as we have held in numerous cases, that petitioners for the benefit of this lien, must bring themselves within the terms of the statute. They must show, in their pleading, a time within which the contract was to be performed by the agreement, and the time when the money was to be paid, as limited by the act, and on the hearing, these allegations must be proved. As we have said in the case of *Cook et al.* v. *Heald et al.*, 21 Ill. 430; *Cook et al.* v. *Vreeland,* ib. 431; *Cook et al.* v. *Rofinot et al.,* ib. 437; *Senior* v. *Brebnor*, 22 Ill. 252; *Mc Clurken et al.* v. *Logan et al.*, 23 Ill. 79, unless these allegations are made, the other parties are not apprised of the ground of recovery, and the court is unable to determine whether the labor was performed, materials furnished, or the money was to be paid within the time prescribed by the statute, and whether the proceeding is commenced within the six months after the last payment has become due.

It must be borne in mind that other parties have rights and interests involved in property against which a lien is sought to be enforced, and courts must look to them in determining on this law.

As this court said in *Williams* v. *Chapman et al.*, 17 Ill. 425, cited with approbation by defendant's counsel, while we will give the act a liberal interpretation to preserve the rights of mechanics and material men, we are not called upon to destroy all other rights in order to foster and give efficiency to every claim and assertion of this secret incumbrance; and we further say, we have no right to create a lien where the statute does not.

The judgment is reversed, with leave to amend the petition.

*Judgment reversed.*