## JAMES D. COBURN
### *v.*
## JAHALON TYLER.

MECHANICS' LIEN — *contract to furnish materials.* Under the act of 1845, creating a lien for labor and materials furnished for the erection of a building, it is necessary to create a lien that a time should be specified within which under the contract they should be furnished. An agreement to furnish them within a reasonable time does not cure the omission to name a specific time, and does not create a lien. Had the contract been entered into and the materials furnished since the adoption of the act of 1861, it might probably have been otherwise.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. JOHN S. THOMPSON, Judge, presiding.

On the 30th of December, 1858, Jahalon Tyler filed his petition in the Mercer Circuit Court, to enforce a mechanics' lien,

on a lot in the town of Keithsburg. It alleges that James D. Coburn was the owner in fee of the lot, on the 1st of November 1858, at which time he entered into a contract with petitioner to furnish bricks to build a cellar wall under a dwelling-house. That they were to be furnished in a reasonable time, at nine dollars per thousand and delivered on the premises, or eight if delivered where they then were; that petitioner delivered 8,000 bricks under the contract which were used in the building; that, on the 30th of November, 1857, the parties had a settlement and Coburn gave his note to petitioner for the amount.

That the brick thus furnished being insufficient to complete the work, petitioner in the month of May, 1858, furnished 2,500, of which 1,500 were delivered at the cellar at nine dollars per thousand, and the balance at eight dollars per thousand, all of which were used in constructing the cellar. That no part of the price had been paid. The petition prays that a lien on the premises may be established, the money decreed to be paid and in default thereof that the premises be sold.

Defendant was brought in by publication, and filed a demurrer to the petition, which, being confessed, on leave, the petition was amended. The amendment consisted in the allegation that the bricks were to be furnished in a reasonable time after making the contract, and that they had been so furnished. Also in making Phillip Gore, a mortgagee, a party defendant. Having been served with process, he entered a motion to dismiss as to him which motion was overruled, and failing to answer, the petition was taken as confessed as to him; petitioner then dismissed as to him.

Coburn filed a demurrer to the petition, which was overruled, and failing to answer, a decree was rendered in accordance with the prayer of the petition, and this writ is prosecuted to reverse that decree.

Messrs. J. R. & I. N. BASSETT, for the plaintiff in error.

Mr. B. C. TALLIAFERRO, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding under the act of 1845, to enforce a mechanics' lien. The contract set out in the petition, specified no time within which the brick were to be furnished. It is, however, alleged, that, under the agreement, they were to be furnished to appellant in a reasonable time, at the price of nine dollars per thousand if delivered at the place where they were to be used, or at eight, if delivered at the kiln.

In the case of *Cook* v. *Vreeland*, 21 Ill. 431, it was held, that, where the contract fails to specify the time in which the labor is to be performed, or the money is to be paid for such labor or the materials furnished, a decree will not be granted. The case of *Senior* v. *Buberer*, 22 Ill. 152, announces the same rule. And the case of *Moser* v. *Matt*, 24 Ill. 198, refers to and affirms the doctrine of those cases. The principle which they announced must control this case. There is the same necessity for specifying the time when the materials shall be furnished, as for the completion of the work, or the payment of the money. In principle, those cases are the same as this, and no reasonable distinction can be taken between them. To hold, that, under that act, a time need not be fixed by the contract for the delivery of the materials, would conflict with those cases, and we see no reason for departing from the interpretation of the act there given.

Nor does the fact that it was agreed the brick should be delivered within a reasonable time alter the case. Such an agreement is uncertain, and there is no means of determining when the performance of such an agreement may be required. That could only be certainly known by a judicial determination. In such contracts a great many circumstances may enter into the reasonable requirement as to the time of its performance. Under the law of 1845, we think such an agreement is insufficient to create a lien, although it probably would under the amendatory act of 1861. The contract having been made and performed under the former act, it must be governed by

its provisions. Had the agreement been made and performed since the adoption of the latter act, a different question would have been presented. The decree is reversed and the cause remanded.

*Decree reversed.*