Juliet M. Mathers, Adm'x,

v.

Rucker K. Carter.

Statute of Frauds.—Where a person surrendered a bond for a deed which he held against another, in consideration that the latter would pay to a third person the amount expressed in the note, such promise is not within the Statute of Frauds, as being a promise to pay the debt of another, but is an independent contract, upon which such third person may maintain an action in his own name against the promisor.

Appeal from the Circuit Court of Douglas county; the Hon. Oliver L. Davis, Judge, presiding. Opinion filed October 7, 1880.

Mr. McHenry Brooks, for appellant; that this was an independent undertaking, not within the Statute of Frauds, and hence need not be in writing, cited Eddy v. Roberts, 17 Ill. 505; Brown v. Strait, 19 Ill. 88; Rabberman v. Wiskamp, 54 Ill. 179; Wilson v. Bevans, 55 Ill. 232; Beasley v. Webster, 64 Ill. 458; Hayward v. Gunn, 82 Ill. 385; Clifford v. Luhring, 69 Ill. 401; Meyer v. Hartman, 72 Ill. 442; Bunting v. Darbyshire, 75 Ill. 408; Scott v. White, 71 Ill. 287; Prather v. Vineyard, 4 Gilm. 40; Runde v. Runde, 59 Ill. 98; Waldon v. Karr, 88 Ill. 49; Curtis v. Sage, 35 Ill. 22.

The design of the statute was to prevent fraud, and it should not be extended to a case not clearly within its letter and spirit: Bryans v. Buckmaster, Breese, 408; The People v. Canal Com'rs, 3 Scam. 153; Bruce v. Schuyler, 4 Gilm. 221; Cadwallader v. Harris, 76 Ill. 370.

Messrs. Bundy & Wolverton and Mr. T. D. Minturn, for appellee; that the contract is within the Statute of Frauds, cited Rev. Stat. 1877, 521; First Baptist Church v. Hyde, 40 Ill. 150; Ballingall v. Bradley, 16 Ill. 373; Williams v. Corbett, 28 Ill. 262; Scott v. Thomas, 1 Scam. 58; Laidlou v. Hatch, 75 Ill. 11; Patmore v. Haggard, 78 Ill. 607; Steele v.

First Nat. Bank, 60 Ill. 23; Durant v. Rogers, 71 Ill. 121; McConnel v. Brillhart, 17 Ill. 354; Everett v. Morrison, Breese, 79; Eddy v. Roberts, 17 Ill. 505; Hite v. Wells, 17 Ill. 88.

HIGBEE, J. The declaration in this case avers in substance that one Clark Elkin was, on the 30th day of August, 1879, indebted to John Mathers, since deceased, in the sum of six hundred dollars, for which said Mathers then held his notes; that Elkin was at the same time the owner and holder of a bond for a deed executed to him by appellee Rucker K. Carter, in and by which bond Carter had agreed to convey to Elkin twenty-five acres of land in said county of Douglas.

That Carter then and there undertook and promised said Elkin that he would pay to said Mathers the amount so due from Elkin to Mathers, in consideration that he, Elkin, would' surrender up and deliver to him the bond aforesaid, and that Elkin did then and there surrender to Carter the said bond for a deed, in consideration of said promise.

To this declaration defendant below pleaded the Statute of Frauds; that said promise was a special promise to answer for the debt of another, and that the same was not in writing, signed by defendant or any person thereto by him lawfully authorized.

A demurrer was interposed by appellant to this plea, and overruled by the court, and appellant electing to abide by his demurrer, judgment was rendered against him for costs.

The only question presented for our decision is, as to the sufficiency of the plea.

The contract declared on was a new and independent agreement by which Elkins surrendered up the bond for a deed he held against appellee, in consideration of appellee's promise to pay Mathers the amount due on said notes.

It was simply a promise to pay the consideration for the surrender of the bond to a third person, and would have been equally binding and valid against Carter if Elkins had not been indebted to Mathers.

It is well settled that where one enters into a simple contract

with another for the benefit of a third, the person for whose benefit the contract is made may maintain an action for the breach thereof in his own name, and such contract is not within the Statute of Frauds.    Eddy et° al. v. Roberts, 17 Ill. 505; Rabberman v. Wiskamp, 54 Ill. 179; Brown v. Strait, 19 Ill. 88; Beasley et al. v. Webster, 64 Ill. 458; Wilson v. Bevins, 58 Ill. 232; Runde v. Runde, 59 Ill. 98.

This was not a special promise to answer for the debt of another.    It was a promise to pay the price agreed upon for the surrender of the bond to another, and the statute has no application to it.

The judgment is reversed and the cause remanded, with directions to the circuit court to sustain the demurrer to the plea.

Reversed and remanded.