DANKMAR ADLER ET AL.

v.

THE WORLD'S PASTIME EXPOSITION COMPANY ET AL.

*Mechanic's Lien—Express Contract—Statutory Limitation—Services of Architect.*

A petition for a mechanic's lien, when based upon an express contract, will not be sustained, unless the contract alleged specifies a time for the completion of the work or furnishing of materials within the time limited by the statute.

[Opinion filed April 11, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. MOSES & NEWMAN, for appellants.

No appearance for appellees.

BAILEY, J. This was a petition for a mechanic's lien. The contract alleged in the petition was in writing, and was executed April 29, 1886. By it the petitioners, who were architects and superintendents in the erection of buildings, agreed to furnish the drawings and specifications, superintend the erection, and audit and make settlement of all accounts in the erection of certain buildings, which the World's Pastime Exposition Company was then about to erect on certain

Adler v. World's Pastime Exposition Company.

grounds situate in Hyde Park, Illinois, and also to act as supervising architects in the general arrangement and improvement of said grounds and accessories during the summer of 1886, and for said services they were to be paid the sum of $5,000, of which $3,000 was to be paid in cash, viz., $1,500 on the 1st day of June, 1886, and $1,500 upon the completion of the buildings and the settlement of all contracts, and the remaining $2,000 was to be paid in full-paid shares of the capital stock of said company, for which certificates were to be delivered to the petitioners on or after July 1, 1886, at the petitioners' option. The petition alleges a complete performance of said contract by the petitioners prior to August 1, 1886, and that said company had paid them only $1,500, leaving $3,500 due and unpaid. A demurrer to the petition was sustained by the court below, and the petitioners having elected to abide by their petition, a decree was entered dismissing the petition at the costs of the petitioners.

The petition was clearly insufficient in failing to show that, by the terms of the contract, the time for the completion of the work was not beyond three years from the commencement thereof. The third section of the statute in relation to mechanic's liens provides, that when the contract is expressed, no lien shall be created under said statute if the time stipulated for the completion of the work or the furnishing materials is beyond three years from the commencement thereof, and the rule has therefore become well established that a petition for a mechanic's lien will not be sustained where it is based upon an express contract, un¹ess the contract alleged specifies a time for the completion of the work or the furnishing of materials within the time limited by the statute. Cook v. Vreeland, 21 Ill. 431; Cook v. Heald, 21 Ill. 425; Cook v. Rofinot, 21 Ill. 437; Senior v. Brebnor, 22 Ill. 252; McClurken v. Logan, 25 Ill. 79; Phillips v. Stone, 25 Ill. 77; Scott v. Keeling, 25 Ill. 358; Coburn v. Tyler, 41 Ill. 354; Fish v. Stubbings, 65 Ill. 492; Powell v. Webber, 79 Ill. 134; Beasley v. Webster, 64 Ill. 458; Berlanger v. Hersey, 90 Ill. 70; Austin v. Wohler, 5 Ill. App. 300.

The contract, which is set out in the petition *in extenso*, fixes no time within which the labor stipulated for was to be performed, except that the services as supervising architects in the general arrangement and improvement of the defendant's grounds and accessories, were limited to the summer of 1886. As to all the other labor and services no time of performance is fixed, and it is doubtful, to say the least, whether the services, as to which the time of performance is fixed, are of such a nature as would entitle the petitioners to a lien.

If it be said that the contract is partly expressed and partly implied, so as to fall within the doctrine laid down by this court in Austin v. Wohler, 5 Ill. App. 300, the answer is that the petition does not attempt to state a case under the statute in relation to contracts partly expressed and partly implied. The present case, so far as this question is concerned, must be governed by Berlanger v. Hersey, 90 Ill. 70, where the same suggestion was met by the answer that no such case was made by the petition.

We are of the opinion that the demurrer to the petition was properly sustained, and the decree dismissing it for want of equity will therefore be affirmed.

*Decree affirmed.*