86   561
a187s218

## James W. Kee and Joseph M. Omo v. Daniel Cahill.

1. QUESTIONS OF FACT—*Province of the Jury.*—It is within the province of the jury to determine questions of fact.

2. STATUTE OF FRAUDS—*The General Rule.*—The general rule as to the statute of frauds is that if the promise is in the nature of an original undertaking to pay a debt to a third party, and is founded on a valuable consideration received by the promisor himself, it is not within the provision of the statute and need not be in writing to make it valid and binding; it will be regarded in the light of a contract for the benefit of a third party, upon which such third party may found an action for the breach. Such a promise is not within the statute of frauds, and need not be necessarily in writing to make it valid.

**Appeal** from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 16, 1900.

JESSE A. and HENRY R. BALDWIN, attorneys for appellant James W. Kee.

WILLIAM J. CANDLISH, attorney for appellant Joseph D. Omo.

JAMES S. HARLAN, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In 1892 James Cahill was indebted to appellee, his brother, in the sum of $5,500, secured by chattel mortgage upon a restaurant in this city. Said James Cahill and Florien S. Young entered into partnership for the purpose of conducting the business at said restaurant under the firm name of Cahill & Young. James Cahill sold to said Young

one-half interest in said restaurant, subject to said mortgage. Cahill and Young desired to have the mortgage held by appellee released, and, in consideration of said debt or of such release, they paid to appellee $500 in cash, and gave to him two firm notes for the balance due him, one for $2,000 and one for $3,000, and he released said mortgage. The firm of Cahill & Young expended between $20,000 and $30,000 in improving and furnishing said restaurant, and became financially embarrassed. Appellants were creditors of the firm. An agreement was then made between said firm and appellants, whereby said firm sold to appellants said restaurant with the stock and fixtures, for the agreed price of $25,000 and gave to appellants a bill of sale therefor.

On behalf of appellee it is contended that as a part of the consideration for said sale to appellants they promised and agreed to and with said firm to pay the amount due to appellee upon said notes of said firm, held by him. Appellee brought this suit to recover from appellants the amount due to him upon said notes. He bases his right to so recover upon said alleged promise by said appellants to pay the amount thus due to him. On behalf of appellants it is contended that they did not so promise and agree. All contested questions of fact are practically merged in the issue thus presented.

It is conceded on the part of appellee that such alleged promise was verbal; was not in writing. On behalf of appellants it is contended that such promise, if made, is within the statute of frauds, and therefore void. Thus the principal issue of law in this case is presented.

There is evidence tending to show that the promise was made by appellants as contended by appellee. There is also evidence tending to show that appellants did not make such promise. There is a sharp conflict in the testimony upon this point. It can not be reconciled. Some of the witnesses are mistaken in their statements. It is peculiarly within the province of the jury to determine the question of fact thus presented and supported.

Counsel for appellants complain bitterly of the rulings of

the court at the trial.    They have reviewed the testimony and the rulings as to the same, and the remarks of the trial judge, in detail and at great length.    We are, however, of opinion that taking the bill of exceptions as a whole, no reversible error appears in the rulings and remarks of the court.    The jury found the issues in favor of appellee and assessed his damages at the full sum due upon said notes. That finding, based upon the conflicting evidence in the case, we must consider as settling the questions of fact involved.

The court, at the instance of the appellee, gave to the jury the following instruction, viz.:

"1.    The jury is instructed, as a matter of law, that a promise made upon a valuable consideration, from one person to another, to pay a sum of money to a third person, is valid and binding, and can be enforced by said third person in his own name.    In this case, if the jury believe from the evidence that the defendants, as charged in the declaration, purchased the leasehold and personal property in the restaurant from Cahill & Young, and as a part of the purchase price, agreed and undertook to pay the indebtedness due to Daniel Cahill from the firm of Cahill & Young, then the jury must find the issues for the plaintiff for the sum remaining unpaid or due at the time of making said agreement, and the interest upon it at the rate of five per cent."

The court refused to give to the jury the fifth instruction asked by appellants, which is as follows, viz. :

"5.    The jury are instructed that if you believe from the evidence that the indebtedness alleged to be due to the plaintiff is primarily due him from a person or persons other than the defendants; and if you further find, from all the evidence in this case, that the defendants promised to pay such alleged indebtedness to the plaintiff; and if you further find from the evidence that such promise, if any, on the part of the defendants, was collateral only to the main or original undertaking, and was not accepted by the plaintiff in the place of said original undertaking ; then, unless you further find from the evidence that such agreement, if any, or some memorandum or note thereof, was in writing and signed by said defendants, your verdict must be for the defendants."

By the giving of one and the refusal of the other of said instructions the question of the statute of frauds is pre-

sented, which is considered by counsel in their printed arguments.

The case of Wilson v. Bevans, 58 Ill. 232, as to the question of the statute of frauds and in the controlling facts, is precisely like the case at bar. As there stated:

" The appellant received the property contracted for, and it is wholly immaterial to him what direction was given to the purchase money. The vendor contracted to have it paid to his creditors instead of himself, and it imposes no hardship upon the purchaser. It was his contract so to pay the purchase money, and such a contract is valid and binding in law, although it is not evidenced by any writing."

Under the facts as found by the jury this language is directly in point and is controlling.

The Supreme Court in that case also states the general rule as to the statute of frauds in this State very clearly, in these words:

" The general rule is that if the promise is in the nature of an original undertaking to pay a debt to a third party, and is founded on a valuable consideration received by the promisor himself, it is not within the provision of the statute, and need not be in writing to make it valid and binding; it will be regarded in the light of a contract for the benefit of a third party, upon which said third party may found an action for the breach. The authorities all seem to agree in holding that such promise is not within the statute of frauds, and need not necessarily be in writing to make it valid."

The Bevans case is cited with approval, as to this general rule, in Meyer v. Hartman, 72 Ill. 444, and Borchsenius v. Canutson, 100 Ill. 82, 92. It is also cited and is followed in Mathers v. Carter, 7 Ill. App. 225, and Cornell v. Central Electric Co., 61 Ill. App. 325.

The notes made and given by Cahill & Young to appellee remained in the hands of appellee up to the time this suit was tried. It is contended by counsel for appellants that if the relation of debtor and creditor remained, as between the original parties, after the promise of a third party to pay the debt, the same as it did before, then the promise of such third party is within the statute of frauds and can not be

enforced unless in writing. The case of Spear v. Farmers & Mech. Bk., 156 Ill. 155, is cited by appellants' counsel as being conclusive upon this point. We do not so understand the opinion of the Supreme Court. The promisor sued in that case " gave up and yielded no right he had," and received no consideration for his promise. True, the court says that " There was no change in the original indebtedness, the original debtors remaining liable to the original creditors precisely the same as when the indebtedness was originally contracted." But we do not understand the court to say, or intend to convey the impression, that because the original indebtedness remained unchanged, that therefore, and for that reason, the promise sued upon was collateral and void under the statute of frauds. Had there been a surrender or cancellation of such original indebtedness, that might, perhaps, have been a sufficient consideration. In the Bevans case, and in each of the cases cited above in support of the same point, the original indebtedness remained the same as before the promise by the third party. Had the Supreme Court intended to overrule all of those cases, and others to the same effect, it would have been by a more definite statement than any made in the Spear case. We do not think that the case of Eddy v. Roberts, 17 Ill. 505, states a different rule. But if it does, it must be considered as overruled by the Bevans case, and other cases above cited. Neither can it be considered that the court, in the case of Murto v. McKnight, 28 Ill. App. 238, also cited and specially relied upon by counsel for appellants, understood the Eddy case as stating any different rule from that so clearly stated in the Bevans case, because the court in the Murto case cites the other two cases together (p. 246) as sustaining the same point.

It is not deemed necessary to here consider all of the many points and objections made by counsel for appellants in their one hundred and thirteen pages of brief and argument, although we have examined each and all of them. Neither are we disposed to here enter into any review of the

numerous complaints made by counsel for appellants as to the trial judge personally. Upon a full examination of this case we are satisfied that substantial justice has been attained, and that no reversible error appears.

The judgment of the Circuit Court is affirmed.