WILLIAM BOLDENWICK et al.

v.

DANIEL CAHILL.

*Opinion filed October 19, 1900.*

1. INSTRUCTIONS—*when instruction is not to be regarded as misleading.* An instruction is not to be regarded as misleading where the matters which it touches upon are fully and properly stated in another instruction of the series.

2. SAME—*instructions should be based upon facts shown by the evidence.* Instructions are properly refused when applicable to facts which there is no evidence in the record tending to prove.

*Kee* v. *Cahill,* 86 Ill. App. 561, affirmed.

APPEAL from the Branch Appellate Court for the First District—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

JESSE A. & HENRY R. BALDWIN, for appellants.

JAMES S. HARLAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal by James W. Kee from the judgment of the Branch Appellate Court for the First District, affirming the judgment of the circuit court of Cook county, against James W. Kee and Joseph M. Omo, in favor of Daniel Cahill, for the sum of $6909.73. James W. Kee died March 21, 1900, and his death having been suggested, William Boldenwick and Paul Brauer, administrators of the estate of James W. Kee, deceased, have been substituted as appellants.

The declaration contains several counts, alleging, in various ways, that the defendants, on the 30th day of April, 1892, purchased from James Cahill and Florien S. Young, partners, etc., a certain restaurant and leasehold interest at 35 Adams street, in the city of Chicago; that

at the time of such sale the firm of Cahill & Young were indebted to the plaintiff in the sum of $5000 and interest, and that as a part of the consideration of such purchase the defendants agreed to pay the indebtedness of Cahill & Young to the plaintiff.

The judgment of the Branch Appellate Court has settled all controverted questions of fact adversely to the defendants.

The appellants complain of the giving of the following instruction, on the ground it assumes there was an indebtedness due to Daniel Cahill from the firm of Cahill & Young:

1. "The jury is instructed, as a matter of law, that a promise made upon a valuable consideration, from one person to another, to pay a sum of money to a third person, is valid and binding and can be enforced by said third person in his own name. In this case, if the jury believe, from the evidence, that the defendants, as charged in the declaration, purchased the leasehold and personal property in the restaurant from Cahill & Young, and as a part of the purchase price therefor agreed and undertook to pay the indebtedness due to Daniel Cahill from the firm of Cahill & Young, then the jury must find the issues for the plaintiff for the sum remaining unpaid or due at the time of making the said agreement, and the interest upon it at the rate of five per cent."

At the instance of the defendants the court gave the following instruction:

3. "The jury are instructed that if you find, from the evidence, that at the time of the execution and delivery of the papers offered in evidence, and called a bill of sale, it was the intention of the firm of Cahill & Young and of James W. Kee and Joseph M. Omo (the parties thereto) that such acts of execution and delivery were an absolute sale, *then, unless you further find, from the evidence, that at the said time the said firm of Cahill & Young were indebted to the plaintiff in the sum of $5000 (or more),*

*and that the said indebtedness was represented by the notes offered in evidence therein, and that the defendants herein then and there agreed to pay the said indebtedness and notes as a part of the purchase price of said sale, then your verdict must be for the defendants."*

This instruction informed the jury, although they might believe there was an absolute sale from Cahill & Young to the defendants, they should find for the defendants, unless they should further find, from the evidence, that at the time of such sale Cahill & Young were indebted to the plaintiff. The defect in the first instruction, if any, was cured by this instruction. An instruction is not to be regarded as misleading where the matter upon which it touches is fully and properly stated in another instruction. *Chicago West Division Railway Co.* v. *Ingraham,* 131 Ill. 659; *Bay* v. *Williams,* 112 id. 91; *City of Lanark* v. *Dougherty,* 153 id. 163.

It is also insisted that the court erred in refusing to give the following instructions:

6. "The jury are instructed, in behalf of the defendant Omo, to disregard all the testimony offered regarding alleged admissions, promises or agreements, if any, made by the defendant Kee when the defendant Omo was not present.

7. "The jury are instructed to disregard all the testimony offered herein regarding or concerning any alleged admissions, promises or agreements, if any, by either of the defendants herein when the other defendant was not present, made prior to the time of the execution of the paper entitled 'bill of sale,' offered in evidence herein.

9. "The jury are instructed that if you believe, from the evidence, that at the time of the execution and delivery of the paper offered in evidence, and called a bill of sale, it was the intention of James Cahill, Florien S. Young, James W. Kee and Joseph Omo (the parties thereto) that such acts of execution and delivery were not an absolute sale, but were for the security and protection

of the parties only, then your verdict must be for the defendants."

The case was tried on the theory that the promise to pay the debt of the plaintiff was made by the defendants at the time of the sale to them by Cahill & Young on the 30th of April, 1892, at which time both of the defendants were present. We find in the record no admissions, promises or agreements to pay the plaintiff's debt, made by either of the defendants, other than those made at that time, and are of the opinion there was no evidence upon which to base said instructions 6 and 7, or either of them, and think they were properly refused.

Instruction 9 was offered on the theory that the evidence must show an absolute sale from Cahill & Young to the defendants before they would be liable to the plaintiff. Under the declaration, as amended, we are of the opinion if the evidence showed that the bill of sale offered in evidence was intended between the parties as a mortgage only, and in consideration of the giving of such bill of sale securing a debt of Cahill & Young to the defendants the defendants agreed to pay the debt of Cahill & Young to plaintiff, the plaintiff might recover. The court, therefore, did not err in declining to give such instruction.

The evidence is quite voluminous, and the exceptions to the rulings of the court thereon very numerous. A discussion of all the points raised by appellants would serve no useful purpose. We have examined this record with much care, and fail to find therein any reversible error by reason of the rulings of the court during the trial of the case or in admitting or refusing to admit evidence.

We are of the opinion the case was fairly and impartially tried and that substantial justice has been done. The judgment will therefore be affirmed.

*Judgment affirmed.*