## Joseph L. Connelly Company, Defendant in Error, v. John McCabe, Plaintiff in Error.

### Gen. No. 17,652.

STATUTE OF FRAUDS—*original contract.* Where a contractor promises to pay the bill of a subcontractor, a mason, in consideration that he guaranty a wall for five years, there is an original contract supported by sufficient consideration and not within the statute of frauds.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 17, 1912.

McCABE, CLOYES & KULL, for plaintiff in error.

EDMUND S. CUMMINGS, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This is a writ of error taken from a judgment entered in a suit of the fourth class in the Municipal Court. There was a trial before the court without a jury, and a finding for plaintiff in the sum of $325, upon which judgment was entered.

It appears from the record that the defendant (plain-

tiff in error) had entered into a contract with one J. E.
Sexsmith for the construction of an apartment building.
Plaintiff was a subcontractor for mason work. The
defendant complained of the character of the work,
and there was a meeting between him, John Kinnare,
a mason contractor, president of the Chicago Masons'
and Builders' Association, Martin Connelly, the secre-
tary and manager of the plaintiff company, and the
architect. This meeting so far as Connelly and Kin-
nare were concerned was for the purpose of persuad-
ing the defendant to accept the work. The testimony
of Kinnare and Connelly was to the effect that the
defendant agreed to pay the amount of plaintiff's bill
provided the plaintiff would furnish a guaranty.
Thereafter Connelly presented a bill made out against
the defendant aggregating $331, upon which the fol-
lowing appears:

"Guarantee of the Joseph L. Connelly Co., Inc.:

"For and in consideration of the payment of this
bill, we, the undersigned, hereby guarantee the stone
walls against leaking or cement falling off, also the
terra cotta coping on fire walls against blowing off or
joints getting loose, for the term of five (5) years.

JOSEPH L. CONNELLY Co., INC.,

Per MARTIN CONNELLY,

Secretary."

Connelly's testimony is to the effect that he pre-
sented this paper to the defendant, reading it over
to him first, that the son and daughter of the defend-
ant were present, and that the latter read it over;
that the defendant then promised he would pay the
amount in a day or two.

The defense rested, so far as the evidence is con-
cerned, upon the testimony of the defendant himself,
which differs in many material respects from the tes-
timony offered on behalf of the plaintiff. Among other
things he testified that the guaranty was left upon a
show case in his saloon and that he did not accept it.
He did, however, retain it, and it appears to have been
produced by his attorneys at the trial.

It is insisted by the defendant (plaintiff in error) that the action may not be maintained because the debt was the debt of Sexsmith and not that of defendant, and that therefore no action can be maintained on the promise to pay the same, the promise not being in writing.

The promise by one person to pay the debt of another, supported by a valuable consideration moving to the person making the promise, is an original undertaking and not within the statute of frauds. Scott v. Thomas, 2 Ill. (1 Scam.) 58; Eddy v. Roberts, 17 Ill. 505; Boldenwick v. Cahill, 86 Ill. App. 561, aff'd 187 Ill. 218.

The consideration in the case before us was the guaranty, and the contract is not therefore within the statute. This presupposes that there was an acceptance by the defendant of the guaranty as presented. Whether or not there was such an acceptance is a question of fact, upon which there is conflicting testimony. Upon a careful reading of the record we are unable to say that the trial court reached a wrong conclusion. The judgment will therefore be affirmed.

*Affirmed.*