McCumber et al. *v.* Gilman.

---

James McCumber et al., Plaintiffs in Error, *v.* William H. Gilman, Defendant in Error.

ERROR TO BOONE.

A mortgagee in possession of premises, to put upon them all necessary and proper repairs to prevent waste, and to reimburse himself out of the rents and profits, unless the condition of the premises would render such repairs injudicious.

New improvements, at the expense of the estate, will not be allowed, except under peculiar circumstances.

Calvin McCumber, the ancestor of the complainants, on the fourth day of August, 1842, purchased from Joel Walker lot two in block seven, in Walker's addition to Belvidere, for $100,

and took a bond for conveyance of the lot, on payment of the money in one and two years, with interest, payable annually, for which McCumber gave his notes. McCumber paid the first of these notes and a part of the other before his death.

McCumber borrowed of Gilman $600 in Illinois internal improvement scrip, drawing interest; to secure the repayment of which, with interest at three per cent. per annum upon the $600, he gave his note, and a mortgage on the lot in question. This note and mortgage were made after the last note given for the payment of the lot had become due.

On the 16th of August, 1845, McCumber died intestate, leaving a widow and the complainants his heirs, returned to probate court $125, which was set off to widow. The estate owed debts, as proved, amounting to $220, not including the notes to Walker and Gilman.

The mortgage to Gilman was acknowledged and recorded in September, 1844.

After death of McCumber, Gilman sued out *scire facias* to foreclose his mortgage, and took judgment in April, 1846, for $240. The premises in question were sold on this judgment for $393.07, and Gilman became the purchaser; the redemption expired, and Gilman took a deed from the sheriff. Walker, by order of a decree in chancery, conveyed the lots in question to Gilman. In the spring of 1849, Gilman made improvements on the premises by removing a wooden building, variously estimated from $25 to $100, and erecting a new building in its place; by laying new floors, putting on blinds, &c.

The decree was rendered by J. G. WILSON, Judge, at April term, 1854, of the Boone Circuit Court.

W. T. BURGESS, for plaintiffs in error.

S. H. HURLBUT, for defendant in error.

CATON, J. The case of McCumber v. Gilman, reported in 13 Ill. 543, disposes of all claim which the defendant could assert under the judgment of foreclosure, which was there reversed, and leaves him simply in the position of a mortgagee in possession for condition broken, and leaves nothing to be decided in this case except to determine how much he shall be entitled to for repairs or improvements which he has put upon the premises during his possession. The rule on this subject has been as well settled by this court as its nature will admit. It is not only the right, but it is the duty of the mortgagee in possession, to put upon the premises all necessary and proper repairs to

prevent them from going to waste, and to reimburse himself out of the rents and profits, unless, indeed, the condition of the premises would make it injudicious to make such repairs. Circumstances might exist where it would be better for the estate to abandon the improvements altogether, than to repair them. In such a case, the court could not sanction an expenditure thus injudiciously made. But the rule does not admit the mortgagee in possession to make new improvements at the expense of the estate; although circumstances may exist which will authorize the court, in stating the account, to allow the mortgagee for new improvements which he was in strictness not authorized to make at the expense of the mortgagor. McConnel *v.* Hallobush, 11 Ill. 61. In that case an allowance was directed to be made for new improvements, provided certain facts should be established upon a further hearing. The facts further to be established were indicated in the opinion of the court, as follows: " Were we convinced that the improvement was made in good faith, the defendants believing they had made a valid purchase of the premises, and that the expenditure was a judicious one for the benefit of the estate, we think they should be allowed for them." In this case there is no doubt that the improvements were made in good faith, the defendant believing that he had made a valid purchase of the estate, and that he was expending his money upon his own absolute property. He purchased it under a judgment of the circuit court foreclosing this same mortgage, and after the time allowed for redemption had expired he took a sheriff's deed, and we have no reason to doubt that he supposed his title good. Under this supposition he made the improvements, and with himself as owner, it may be very true that the improvements were quite judicious and proper. But it by no means follows, that counselling the estate as belonging to the heirs of McCumber, the new improvements were judicious and proper. Indeed it is very manifest that they were not, especially as to the new stone house which the defendant erected on the premises. The propriety of the expenditure must be determined with reference to the circumstances of the heirs of the mortgagor, for it was upon their estate that the improvement was made, and it is against them that the expense is sought to be charged. It is a very hard, if not an unjust rule, which in any case makes one a debtor against his will; and it is very clear that it should never be done, unless it is manifestly to his advantage, as well as just and proper as to the other party. Were we to consider the case of Gilman alone, there can be no doubt that he should be compensated to the extent of the enhanced value of the prem-

ises by reason of this expenditure; but when we consider the situation and circumstances of the complainants, there can be no doubt it would be great injustice to them to impose such a burden upon them. It would be equivalent to denying them any relief whatever. Their father died, leaving no estate whatever to these infant children except this house and lot, incumbered with this mortgage of about $165, and leaving other debts amounting to about $220. The value of the premises was about $500, and were then worth about $65 a year in rents, but were fast going to decay. The defendant took possession, and not only put the house which was on the premises in thorough, though not extravagant repair, but he put a new fence upon the lot, and removed a wooden kitchen which was attached to the back part of the brick house, and worth from $25 to $50, and in its place erected a new stone house, at an expense in the whole of about $1,200, which he now insists the defendants shall pay him before they shall be allowed to redeem the premises from the mortgage which their ancestor agreed to pay him, and to satisfy which alone he had a right to take the possession. The case has to be but stated to show, that to allow it is equivalent to depriving the heirs altogether of their rights and interests in the premises; for it is perfectly manifest, that it is utterly out of their power to redeem the estate from the mortgage and to pay for these improvements. No court, and no judicious individual having charge of the estate and interest of these infants, could have sanctioned such an expenditure at the time it was made, knowing that it was to be charged to them when they should come to redeem, and knowing that they had nothing in the world with which to pay it. The improvements must have been proper and desirable as to them and in their circumstances, before they can be pronounced judicious and the estate charged with them. And at least as to the new house or addition, and the new fence, we are of opinion that the rules of law do not admit of their allowance. The defendant's claim for improvements is not a matter of strict right, and hence to determine its justness we must consider the position of the other parties; and when this is done, we see at once that to enforce a claim against them for benefits which have been volunteered to them, and to which they have never given the least encouragement, would, in all probability, deprive them of a clear right, without any fault or act of theirs. We are of opinion that the court erred in requiring the complainants to pay to the defendant the value of the new improvements which he placed upon the premises while they were in his possession. There is serious doubt whether even the repairs

McCumber et al. *v.* Gilman.

put upon the brick house were not more extensive than were strictly necessary to preserve the estate from waste and make it tenantable, and more than were strictly judicious, when we consider the circumstances of the complainants; but upon the whole, we have thought it proper to direct that they should be allowed to the defendant in taking the account. I have looked through the evidence with some care, with the hope of being able to make up a satisfactory account between the parties, and thus save the expense and trouble of another reference, but find that I am unable to do so. Hence we must confine ourselves to laying down the principle upon which the account should be stated. The suit must be remanded, with directions that the defendant be allowed the value of the repairs placed upon the brick house alone, including the cellar and well, and also all taxes paid by him upon the premises, as well as the amount due upon the mortgage. The evidence in this record does not show that he has paid the balance due from McCumber for the purchase of the lot. Should he establish by proof that he made such payment, prior to the time when he obtained the title from Walker, he should be credited with the amount thus paid and interest thereon from the date of payment. If he has kept the property insured, for that he should be credited also. He should be charged with the value of the rent of the premises, exclusive of the new improvements which he has put upon them and for which he gets no allowance in making up the account. The value of the rent is to be estimated of the premises with the repairs for which he receives a credit. The rents to be applied in extinguishment of the taxes paid, repairs, &c., first, and should any balance remain, then towards the interest due upon the mortgage, and then the principal; annual rests being made in the computation. Or if the amount paid for taxes, repairs, &c. should exceed the value of the rents, interest may be allowed upon the excess. No charge to be made for the wooden shed or kitchen removed.

The decree must be reversed, and the suit remanded, with directions to the circuit court to proceed conformably to the principles of this opinion.

*Decree reversed.*