Cook et al. *v.* Vreeland.

THEODORE F. COOK *et al.*, Appellants, *v.* HENRY VREELAND, Appellee.

APPEAL FROM COOK.

Where an agreement, upon which a mechanics' lien is sought to be enforced, does not specify the time within which the work is to be completed, or within which the money is to be paid for the work done, or materials furnished, a decree will not be granted.

The time so specified, must be the periods limited by the statute, and these periods must be fixed when the contract is first entered into, and cannot be extended by a subsequent contract.

To cut off creditors and incumbrancers, the proceeding to enforce the lien must be commenced within six months after the money shall become due and payable. It might be that if a time were fixed for completing the work, and no time for paying the money, that an implication would be raised that the payment should be made when the labor should be performed; but the time for completing the work must be specified, or the lien will not attach.

THE appellee, Vreeland, on the 9th February, 1857, filed a petition in the Cook Circuit Court, for a mechanics' lien; setting forth that on or about the 1st day of June, 1856, the petitioner being a mechanic, Theodore F. Cook entered into an agreement with him in writing; that by the said agreement, he agreed with said Cook, in consideration of the payments to be made by said Cook, to build, finish and complete, in a careful, skillful and workmanlike manner, and furnish materials for the same, to the full and complete satisfaction of Wm. W. Boyington, or assistant superintendent, the carpenter's work of a four-story dwelling-house, to be erected on Wabash Avenue, according to said contract; that Cook, in and by said contract, agreed to pay him for said work and materials, $3,400, as the work should progress, on estimates of architect, reserving fifteen per cent. until work completed, provided that the architect should certify that he was entitled to payment for partial or complete performance. The said Cook reserving the privilege to alter or modify the work to be done. That on or about the 1st day of June, 1856, he commenced the prosecution of the work, and furnishing materials, in conformity with said contract, and had then completed the same according to the same, and had done extra work, at request of T. F. Cook, to the value of $45; that all of the contract and extra work had been approved of by said Boyington, and he had given a certificate thereof, according to said contract; that the lot of land on which the said dwelling was to be and is erected, is the twenty-five feet front and rear, off the side of Sub-Lot 1, of Lot No. 4, in Block 22, in the Canal Trustees' subdivision of Frac. Sec. 15, T. 39, R. 14, 3 P. M., being in the city of Chicago, and State of Illinois; that on or about the 1st September, 1856, he made a verbal contract with said Theodore

Cook et al. *v.* Vreeland.

F. Cook, whereby, in consideration of the payments to be made by said Cook, he agreed with him to furnish the material for, and do the carpenter work on a barn, to be erected on said premises, and the said Cook agreed to pay him therefor, what it should reasonably be worth ; that on that day he commenced furnishing materials and doing the carpenter's work on said barn, and has entirely completed the same, and that the said carpenter's work and materials are reasonably worth $376.45 ; that of the said sum of $3,445, due on the contract and extra work for the dwelling, said T. F. Cook had paid him $1,200, leaving a balance of $2,245 ; that of the said sum of $376.45, there had been paid, by said Cook, $128, leaving in the aggregate, due $2,493. That said Cook purchased said real estate, of one Harrison H. Husted, who gave him an agreement in writing to convey the same to him upon the making of certain payments ; that a part of the purchase money has been paid, and a part is due and unpaid ; that Isaac Cook, Horatio N. Heald, Wilson Mettler, Jacob D. Dibble, Ira C. Barber, Henry P. Brewster, Charles J. Hoyt, Charles H. Stillwell, Francis H. Benson, Joel Gurley, Dudley H. Farlan, William Jones, Milton S. Patrick, Strong Wadsworth, Louis J. Hitz, Henry A. Ballentine, Francis A. Hoffman, and Otto Gelpcke, claim to have some interest or lien upon said premises, but he is not advised of the nature thereof ; he prays that they, and said T. F. Cook, may be summoned to answer the petition.

Prayer for judgment against Cook, for the amount due him as aforesaid, that such judgment be a lien upon the premises; with the dwelling-house and barn thereon, to the whole value of the dwelling and barn, and to the extent of his interest in the lot of land, at the time of making the said contract for said work and materials. That a sale of such right, estate, and interest, may be ordered, and the proceeds of such sale be applied to the discharge of said judgment, according to the statute ; and that the defendants be forever barred and foreclosed of all claim and interest in the premises, to the prejudice or injury of the petitioner ; and for further and other relief.

There is no time given, when the work is to be commenced, nor when finished.

Articles of agreement, to which the specifications are attached :

THESE ARTICLES OF AGREEMENT, Made and entered into this 1st day of June, A. D. 1856, between Henry Vreeland of the first part, building carpenter, of the city of Chicago, and Theodore F. Cook, of the same place, of the second part,

Witnesseth, that the said Henry Vreeland, his executors, administrators and assigns, for and in consideration of the payment hereinafter to be made to him, by the said T. F. Cook, or his executors, doth on his part, contract and agree to build, finish and complete, in a careful, skillful and workmanlike manner, to the full and

Cook et al. *v.* Vreeland.

complete satisfaction of Wm. W. Boyington, or assistant superintendent, and by and at the times mentioned in the foregoing specifications, the carpenter work of a four-story pressed brick building, to be erected on Wabash avenue, as aforesaid, so as fully to carry out the designs of said work, as it is set forth in the foregoing specifications, and the plans and drawings therein specially referred to, said specifications and plans and drawings, being hereby declared part and parcel of this contract.

And the said Theo. F. Cook, or his executors, administrators, or assigns, for and in consideration of the said Henry Vreeland, furnish materials, fully and faithfully executing the aforesaid work, so as fully to carry out the design for the same, as set forth by the specifications, and according to the true spirit, meaning and intent thereof, and to the full and complete satisfaction of said Wm. W. Boyington, or his assistant superintendent as aforesaid, and at the time mentioned in the foregoing specifications, doth hereby agree to pay the said Henry Vreeland, the sum of three thousand four hundred dollars, as the work progresses; the superintendent is to make out estimates of the work and materials furnished and inwrought into the building, and said T. F. Cook is to pay said estimates, reserving fifteen per cent. thereof until the whole contract is completed as aforesaid; provided the said superintendent shall certify in writing that he is entitled thereto.

In witness whereof, the parties hereto have set their hands the day and year first above written.

HENRY VREELAND.
T. F. COOK.

Certificate of Boyington, the architect, at the foot of bill of items:

*Chicago, January 13th,* 1857.

I hereby certify that this bill is a reasonable charge for work and materials furnished for Mr. Cook's barn, the amount of which is in addition to the contract for the house. The price herein named for the contract on house is correct, and the work and materials are as good as called for in the contract, and I do hereby approve and accept the same.

WM. W. BOYINGTON, *Superintendent.*

Isaac Cook filed the following demurrer to the bill:

This defendant, by protestation, etc., demurs to the petition, and for cause, shows that the said complainant hath not in and by said bill, set forth when the money to be paid under said contract, was due, or to be paid thereunder, nor that the same was due at the filing of said bill, according to the terms of said contract; nor but that the same was payable six months and upwards, prior to the filing of said bill; neither does it appear but that the time of completing the contract was not extended for a longer period than three years from the time of making the contract for the said building; nor does it appear at what time the work was done and completed, and that the complainant hath not made or stated such a case as doth or ought to entitle him to any such discovery or relief, as is thereby sought and prayed for, from or against this defendant.

28

Petition of James McGraw, filed April 1, 1857, sets forth that Henry Vreeland, on 9th January, 1857, filed a petition against the defendants above named, recites the substantial parts of Vreeland's petition, which it alleges is still pending; and in pursuance of the statute in such case made and provided, for the purpose of being made a party in that suit, further shows: that on or about the 1st October, 1856, he, McGraw, entered into a contract with said Theodore F. Cook, to do and perform on said house certain work and labor, and furnish materials therefor, to wit: 362 feet of stucco cornice, to be paid for at the rate of 50 cents per foot, $181; and 194 feet of stucco cornice, at 62½ cents per foot; 95 feet of same, at 68¾ cents per foot; 74 feet of panel work, at 37½ cents per foot; in all, $395.39; and said work was to be done, and said materials furnished, within three years from the making of said contract; that immediately upon making said contract, he commenced said work; on the 1st day of November, 1856, he fully completed the same, and was then and is now entitled to be paid said sum therefor. Yet the said Cook, although often requested, had not paid the same. That by reason of his said contract, with said Cook, to do said work, and furnish said materials, and having so done and performed the same, as aforesaid, he had a lien upon the interest of said Cook in said premises, for payment thereof, which might be established by the court, at the same time and of the same force and validity as that claimed by said Vreeland.

Prayer that he might be made a party to said Vreeland's suit; that the amount due him for said work and materials, might be ascertained under the order of the court, and established upon the estate and interest of said Cook in said premises, and as prior and better lien than that of any of the other persons named as defendants in said original petition, and for further relief.

Demurrer to petition of Vreeland, by Isaac Cook, was overruled by the court.

April 29, 1857. Leave was given to plaintiff, to file supplemental bill, making William T. Burgess party defendant.

Upon which supplemental bill is indorsed the appearance of said Burgess to it, who, in his answer, sets up that he purchased the land, under a mortgage from T. F. Cook to Isaac Cook, under a decree, the proceedings to foreclose said mortgage having been commenced before the proceedings to enforce the mechanic's lien.

At January term, 1858, of the Cook Circuit Court, before MANNIERE, Judge, there was a trial by jury, and a decree in favor of Vreeland, against the premises in question, from which this appeal was taken.

There were pleadings by others of the parties who were made defendants below, but these are not involved in the present decision.

Among the errors assigned are the following:

That the court overruled the demurrer of Isaac Cook to the bill.

That the petition is defective in not alleging when the work was done—when the contract required it to be done—in not alleging that the work was to be completed within three years from making of contract.

That the court rendered a decree for complainant, and directed a sale of said premises.

That the court directed the said liens mentioned in its decree to be paid before paying said Burgess.

That the court did not hold the proceedings and decree in the mortgage foreclosure suit, to be a bar to the said suits.

W. T. Burgess, for Appellant.

E. Van Buren, H. F. Waite, and G. A. Ingalls, for Appellees.

Walker, J. The agreement upon which this proceeding is based contains no specification as to the time when the work was to be completed by the contractor, or when the money was to be paid by the owner for the labor on this building, or the materials furnished for its erection. These are indispensable by the provisions of the statute to entitle the party to the benefit of the statutory lien. Both of these are required by the eighth division of the chancery code. Scates' Comp. 157. The second section of which provides that, " The lien shall extend to all work done, and materials furnished under the provisions of the contract, whether the kind or quality of the work, or the amount to be paid, be specified or not : *Provided*, that the time of completing the contract shall not be extended for a longer period than three years, nor the time of payment beyond the period of one year from the time stipulated for the completion thereof." The obvious intention of the legislature was to dispense with precision in the contract, as to the kind of work to be performed and as to the specific amount to be paid, but to require the contract to fix and limit a time when the work should be completed and the money should be paid. And if by the terms of the contract the work was to be performed within three years from the entering into the contract, and the money was to be paid, by the express or implied agreement under which it was to be performed, within one year after its comple-

tion, then, and not till then, could the creditor, as between himself and the other party, avail himself of the benefit of the time. This section evidently refers to the making and entering into the contract, when it prohibits the extension of the time for completing the work to three years, and the time of payment to one year after its completion. There cannot be anything else referred to but the contract, and that, we think, is the time fixed when the contract is first entered into by the parties, and not to a mere permission to complete the work after the expiration of the time, or an extension of the time for payment beyond the period first agreed upon.

But the twenty-fourth section makes an alteration of the time for the institution of proceedings to make the lien available, where there are other liens upon the property. It is this: " No creditor shall be allowed to enforce the lien created by the provisions of this chapter, as against, or to the prejudice of any other creditor or any incumbrance, unless suit be instituted to enforce such lien within six months after the last payment for labor or materials shall have become due and payable." This provision leaves the second section in force, except so far as it limits the time for instituting suit in case of creditors and incumbrances. It in no way changes the necessity of stipulating for the completion of the work and the payment of the money by a time to be specified by the agreement. It might be that if no time was fixed for the completion of the work, and nothing was said about when the money should be paid, that the law would imply a promise to pay when the labor shall be performed. But in such a case the lien could not attach unless the contract provided a time within which the work was to be completed. The law could not imply any time for its completion, and that must be left to express contract between the parties.

In the contract, upon which this suit is based, no time is specified for the completion of the work, and the payment of the money, and was for that reason insufficient to create a lien under the statute. And the petition contained no such averments and was therefore defective.

The court below, therefore, erred in decreeing the sale of the property to satisfy the appellee's claim, and it must be reversed and the cause remanded.

*Decree reversed.*