## MARTIN v. BEATTY et al.

MORTGAGES—*of improvements made by the mortgagor, or his grantee, subsequent to the mortgage.* Money expended in improvements upon mortgaged premises, by the mortgagor, or his grantee, subsequent to the mortgage, cannot be given a lien prior to that of the mortgage.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was a suit in chancery, to foreclose a mortgage, in which the court below decreed that out of the proceeds of the sale of the mortgaged premises, a subsequent grantee of the mortgagor should be reimbursed for improvements made thereon, and in that respect was given a priority over the mortgagee. The mortgagee appeals.

Mr. O. T. REEVES, for the appellant.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The only question of importance presented by this record is, can a mortgagor, or can his grantee, to whom the mortgaged premises are conveyed, enforce as a prior lien to that of the mortgagee, the amount expended by such purchaser in improvements on the property, made subsequent to the mortgage? Appellees have failed to meet this question, having presented no brief or argument, and virtually yield the point made by appellant. We are aware of no principle of law permitting a mortgagor, or his grantee, to expend money on the estate mortgaged, to the detriment of the mortgagee. *McCumber* v. *Gilman*, 15 Ill. 381. Nor do we see the propriety of the decree in this cause, by which the grantee of the mortgagor was placed in a better position than the prior mortgagee. A sale of the premises having been ordered by the court, the mortgage of appellant being prior in time, should have been directed to be first paid out of the proceeds of the sale. It was error to give appellee, Cox, a preference, and for this error the decree must be reversed.

*Decree reversed.*