ROBERT H. FISH

*v.*

WILSON H. STUBBINGS.

1. EXPRESS CONTRACT—*as contradistinguished from an implied one.* A contract for the building of a house, where the builder is to do the work and furnish the materials therefor at a stipulated price, one-half to be paid on completion of the work and the residue on or before a day following, and where the work was commenced and progressed with the knowledge and assent of the owner, but was not completed until after the time fixed for the last payment, on account of being hindered by the owner, is an express contract as contradistinguished from an implied one.

2. MECHANIC'S LIEN—*time for completion of work necessary under special contract.* Where work is performed, in the erection of a building, under a special contract, as contradistinguished from an implied contract, to entitle the creditor to a lien, it is essential that a time should be agreed upon for the completion of the work.

3. SAME—*substantial performance of contract sufficient.* To entitle the petitioner for a mechanic's lien to relief, a substantial performance of the contract will be sufficient.

4. ANSWER IN CHANCERY—*as evidence when under oath.* Where an answer in chancery is required to be made under oath, so far as it is responsive to the bill it is testimony for the defendant, and can only be overcome by two witnesses, or one witness and strong corroborating circumstances. As evidence, it can only be impeached in the same manner as oral testimony may be. Hence, it is error to instruct the jury to look with suspicion upon it, if they believe, from the evidence, that it was recklessly made.

5. It is error for the court to instruct the jury that the sworn answer of a defendant to a petition for a mechanic's lien might be regarded as of no greater weight than the evidence of the defendant, as the law makes such answer preponderate over the testimony of one witness.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was a petition to enforce a mechanic's lien, filed by Wilson H. Stubbings against Robert H. Fish. The petition required the defendant to answer the same under oath, which

was done accordingly.   On the trial of the issues found, the court, amongst others, gave the following instructions, at the instance of the petitioner, numbered three and five:

"3.   The answer of defendant, Fish, has been admitted as evidence in his favor, but if the jury believe, from an examination of the answer itself, and from the testimony of the defendant in connection therewith, that such answer has been made without knowledge of the facts, it is not in such respects necessary to overcome it by the testimony of more than one witness; and if the jury believe, from such examination and testimony of the defendant, that it has been recklessly made in any material respect, the jury will be entitled to look with suspicion upon whatever else there may be in the answer, and in such case, will be authorized to give the answer only such weight as it may seem to the jury entitled to, and so far as it may be corroborated by other unobjectionable evidence."

"5.   The defendant having testified before the jury in his own behalf, his answer should not be received or treated as of greater weight than his testimony."

The jury returned a verdict in favor of the petitioner for $356.88.   The defendant entered a motion for a new trial, which was overruled, and a decree entered for the sum found by the jury, from which the defendant appealed.

Mr. M. BLANCHARD, for the appellant.

Messrs. DENT & BLACK, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

There is considerable doubt, from an examination of the testimony, whether the recovery is not for a larger amount of work than was actually performed.   We make this remark to justify a reversal for other errors.

The evidence will only be alluded to for the purpose of explaining the view we shall take of some of the instructions.

We shall leave the sufficiency of the performance of the work, the quality of the materials and the compliance with the contract, to be determined upon a second trial.

The first proposition of law to be noticed is, that the petition is insufficient to authorize a recovery—that the work is alleged to have been performed under a special contract, and that no time is named for its completion.

The agreement, as set out in the petition, is rather peculiar, but must be regarded as an express contract.

The substance of the allegations, as to any contract, is that the defendant employed the petitioner to do the work and furnish materials at a stipulated price, one-half to be paid on completion of the work and the residue on or before the first day of January next following; that the work was commenced and progressed with the knowledge and assent of the defendant, but as the latter hindered the work, it was not completed until in February following.

Here was a contract of employment, and the price and time of payment were fixed. It was clearly an express, as contradistinguished from an implied, contract, but no time was agreed upon for the completion of the work. To entitle the petitioner to a lien, this was essential, and the law can not imply any time for completion, under such circumstances. This omission is fatal to the petition. *Cook* v. *Vreeland*, 21 Ill. 431.

The answer, in this case, was sworn to, and was made evidence by the statute. So far as it was responsive to the bill, it was testimony, and could only have been overcome by two witnesses, or one witness and strong corroborating circumstances. As it was competent evidence, it could only be impeached as oral testimony would be. Hence, it was error to instruct the jury to look with suspicion upon the answer, if they believed, from the evidence, that it was "recklessly made." It might have been reckless or careless in its statements, and yet not be false. Too much license was given to the jury by this instruction.

The fifth instruction for the petitioner was also wrong. It made the answer of no more weight than the testimony of a single witness, and, in this respect, violated a plain principle of law. The law makes a sworn answer preponderate over the testimony of one witness; and yet the court told the jury they might regard it as of no greater weight than the evidence of the defendant.

We do not think that the court erred in holding that a substantial performance of the work was sufficient. Nothing more could reasonably be required.

The decree is reversed and the cause remanded, with leave to the petitioner to amend his petition if he desires.

*Decree reversed.*