## JAMES POWELL *et al.*

### *v.*

## THEODORE WEBBER *et al.*

1. MECHANIC'S LIEN—*for materials furnished—time of completion of contract.* Under the Lien Law of 1845, a petition to enforce a lien for materials furnished is insufficient, unless the contract set out in the petition specifies a time certain within which the materials are to be furnished.

2. A contract to deliver lumber to one building a house, as fast as he shall order it, or to deliver it within a reasonable time, is too indefinite as to time to create a lien under the statute.

3. SAME—*effect of act of 1861, as to specific time of performance of contract.* The act of 1861 applies only to implied contracts, and in case of an express contract it is essential, to entitle the petitioner to a lien, that a definite time should have been agreed upon for the completion of the work, or furnishing materials.

4. CONTRACT—*whether express or implied.* A petition for a lien to se-
cure payment for lumber sold by the petitioner, alleged that the peti-
tioner, in November, 1872, contracted with the defendant to furnish lumber
to him to build a barn and an addition to his house; that the lumber was
to be delivered as fast as the defendant desired for the purpose of
building, and at the usual and customary prices; that the lumber was to
be paid for after sufficient had been delivered to build the barn and addi-
tion, and when the defendant got some money from the old country, which
was to be some time in the spring or summer of 1874: *Held,* that this
was an express contract, and that it was insufficient to entitle the peti-
tioner to a lien, because the time within which the lumber was to be de-
livered was entirely indefinite.

WRIT OF ERROR to the City Court of Aurora; the Hon.
RICHARD G. MONTONY, Judge, presiding.

Messrs. BROWN & SOUTHWORTH, for the plaintiffs in error.

Mr. A. C. LITTLE, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition to enforce a lien for lumber sold by the
petitioner to one of the two defendants, Webber.

Defendant Farwell alone made answer, denying the right
to a lien, and setting up that he was an innocent purchaser,
without notice of petitioner's alleged lien, for full value, of
the premises against which it was sought to enforce the lien.

The petition alleges, that on or about the month of No-
vember, 1872, the petitioners contracted with Webber to fur-
nish lumber to him to build a barn and an addition to his
house, on the lot described; that the lumber was to be de-
livered as fast as Webber desired for the purpose of building,
and at the usual and customary prices; that the lumber was
to be paid for by Webber after sufficient had been delivered
to build the barn and addition, and when Webber got some
money from the old country, which was to be some time in
the spring or summer of 1874; that petitioners commenced
to deliver the lumber on or about November 28th, 1872, and

136 POWELL *et al. v.* WEBBER *et al.* [Sept. T.

Opinion of the Court.

continued to deliver until about the last of July, 1874; that it was delivered as Webber ordered.

The agreement, as set out in the petition, must be regarded as an express contract. *Fish* v. *Stubbings,* 65 Ill. 492.

It is well settled by decisions of this court, that under the Lien Law of 1845, the petition will be insufficient to authorize a recovery unless the contract set out in the petition specifies a time certain, within which the materials are to be furnished. *Cook* v. *Vreeland,* 21 Ill. 431; *Cook* v. *Rofinot,* id. 437; *Moser* v. *Matt,* 24 id. 198; *Coburn* v. *Tyler,* 41 id. 354.

The lumber here was to be delivered as fast as ordered by Webber, which made the time within which it was to be delivered entirely indefinite.

The agreement is quite as uncertain as if it were to deliver within a reasonable time, which was held in *Coburn* v. *Tyler* to be insufficient, for uncertainty as to time, to create a lien under the statute.

Reference is made to the act of 1861 (Session Laws 1861, p. 179,) as doing away with the necessity of a time being expressly fixed for the furnishing of the materials. But in *Fish* v. *Stubbings, supra,* this was recognized as applying only to implied contracts, and that in the case of express contracts, it was essential, to entitle the petitioner to a lien, that a definite time should have been agreed upon for the completion of the work; and it would be the same as to the furnishing of materials.

The decree of the court below dismissing the petition is affirmed.

*Decree affirmed.*