FRANK B. ORR *et al.*

*v.*

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY *et al.*

1. MECHANIC'S LIEN — *where block of buildings covers several lots.* Where the owner of several lots procures the erection of a block of buildings thereon, all under one roof, it is proper, upon a petition by material-men to enforce a lien for materials furnished, to decree a lien against the entire block, and not against each house separately.

2. SAME — *of a contract partly expressed and partly implied.* A party agreed with the owner of property about to build to let him have hardware from time to time, as needed in the construction of the building. No amount of hardware was specified, and no time fixed for the completion of the building. The contract was made in October, and it was understood, though not agreed, that the building was to be completed by the 1st of January following. The hardware was furnished according to contract, beginning in October and ending in November: *Held*, that this was a contract partly expressed and partly implied, within the meaning of section 1 of the Revised Statutes 1874, and the party furnishing the material was entitled to a lien.

3. The intention of the Legislature in adopting the mechanic's lien law of 1874 was, where the terms of a contract are partly expressed and partly implied, to limit the express terms by the same limitation, so far as applicable, as is applied to express contracts, and the implied terms, by the same limitation, so far as applicable, as is applied to implied contracts.

WRIT OF ERROR to the Superior Court of Cook County; the Hon. S. M. MOORE, Judge, presiding.

Mr. ALBION CATE, for the plaintiffs in error.

Mr. L. J. J. NISSEN, for the defendants in error.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a petition to enforce a lien for hardware and building materials furnished by appellants to one of the appellees, Solomon Snow, and used by him in the erection of a block of five dwelling houses, all under one roof, but each situated on a different sub-lot, in the city of Chicago.

On hearing, it was referred to the master in chancery to report proofs, together with his opinion on the law and the

evidence. The master reported that appellants were entitled to a lien on the premises described in the petition to the full amount of their claim, and that the mortgage and deed of trust of the Northwestern Mutual Life Insurance Company and Kieffer were subject to the lien. The insurance company and Kieffer excepted to this report, and the court sustained their exceptions and dismissed the petition. The grounds of exception assigned were that no time is specified in the petition for the delivery of the materials, and that the master should have found against each house separately; and it was also assigned, in general terms, that the findings of the master were contrary to the law and the evidence.

The evidence shows that the buildings erected composed a block, under a single roof; and, therefore, although they rested upon different sub-lots, it was proper to decree a lien against the entire block. *James et al.* v. *Hambleton*, 42 Ill. 308.

The contract proved was, that appellant was to let Lock have the hardware and materials at the lowest market price, as they should be needed, from time to time, in the construction of the buildings. No amount of materials was specified, and no time was fixed for the completion of the buildings. The contract was made on or about October 17, 1876, and it was understood, though not agreed, that the buildings should be completed by the first of January following. The materials were delivered to Lock in accordance with the agreement — the first October 18, 1876, and the last November 24, 1876. The question is, whether a lien can be enforced on such a contract.

We do not think *Powell* v. *Webber*, 79 Ill. 134, and *Fish* v. *Stubbings*, 65 id. 492, cited by appellees, control the question. Those cases were decided upon contracts made prior to the revision of the lien law, in 1874, and under statutes the language of which was less comprehensive than that of the revision of 1874. That statute enacts (Rev.

Stat. 1874, p. 665, sec. 1) "that any person who shall, by contract, express or implied, or partly expressed and partly implied, with the owner of any lot or piece of land, furnish labor or materials, or services as an architect or superintendent, in building, altering, repairing, or ornamenting any house or other building or appurtenance thereto on such lot, or upon any street or alley, and connected with such building or appurtenance, shall have a lien upon the whole of such tract of land or lot, and upon such house or building and appurtenance, for the amount due to him for such labor, material, or service."

The 3d section provides : "When the contract is expressed, no lien shall be created under this act, if the time stipulated for the completion of the work or for furnishing materials is beyond three years from the commencement thereof, or the time of payment beyond one year from the time stipulated for the completion thereof. If the work is done or materials are furnished under an implied contract, no lien shall be had by virtue of this act, unless the work shall be done or materials be furnished within one year from the commencement of the work or delivery of the materials."

If we were to give a strictly literal interpretation to this language, there is no limitation whatever where the contract is "partly expressed and partly implied;" but this was evidently not the design of the Legislature. It was, as we think, intended, where the terms of a contract are partly expressed and partly implied, to limit the express terms by the same limitation, so far as applicable, as is applied to express contracts, and the implied terms by the same limitation, so far as applicable, as is applied to implied contracts.

The present contract is surely an implied contract, or a contract partly expressed and partly implied. Indeed, we can have no doubt it comes within the meaning of what the Legislature intended by the latter terms. Some parts of it are expressed, while others are implied. But whether it be

implied, or partly express and partly implied, it is clearly not affected by the terms of the limitation.

We have examined all the evidence preserved in the record, and, in our opinion, it supports appellants' claim to a lien. There is no substantial controversy in regard to the terms of the contract, or the furnishing of the materials. Lock's evidence supports, in these respects, that of appellants ; and we can perceive no reason why appellants' claim should not be enforced in accordance with the prayer of their petition.

The decree is reversed and the cause remanded.

*Decree reversed.*