Rogers v. Powell et al.

## A. C. ROGERS, Impl'd, etc.

### v.

### JAMES POWELL ET AL.

1. MECHANIC'S LIEN—SPECIAL CONTRACT—REQUISITES OF PETITION.— Where a petition for enforcement of a mechanic's lien undertakes to set out a verbal agreement, between the petitioners and the defendant, to furnish materials, and that the defendant was to pay for the same within five or six months from the time the same was delivered, it becomes a special contract and it is also necessary to allege the time when the materials were delivered.

2. IMPLIED CONTRACT—PLEADING TO BE TAKEN MOST STRONGLY AGAINST THE PLEADER.—Under the present statute a party may declare upon an implied contract, or upon one partly express and partly implied, but there being no intimation in this case of an implied contract, an allegation of some portions of the contract and a failure to allege other portions leads to the inference that the unstated portions were such as could not with safety be averred.

3. SALE UNDER DECREE—PAYMENT OF SURPLUS.—In a petition for a mechanic's lien, where there is a mortgage upon the property sought to be charged, a decree of sale under such petition should direct that if any surplus arises at the sale, it should be paid over to the holder of the mortgage, or held subject to the further order of the court.

4. LIEN AGAINST SUBSEQUENT INCUMBRANCERS.—A mechanic's lien cannot be enforced against any incumbrance unless suit is brought to enforce the same within six months after the last payment becomes due.

ERROR to the City Court of Aurora; the Hon. R. G. MON-
TONY, Judge, presiding.

Mr. CHARLES D. F. SMITH, for plaintiff in error; arguing
that the contract set forth in the petition was an express con-
tract, cited Powell v. Webber, 79 Ill. 134; Fish v. Stubbings,
65 Ill. 492.

That being an express contract, the time within which the
materials were to be furnished should be stated in the contract
and set forth in the petition: Powell v. Webber, 79 Ill. 134;
Fish v. Stubbings, 65 Ill. 492; Cook v. Vreeland, 21 Ill. 431;
Moser v. Mott, 24 Ill. 91; Cook v. Rofinat, 21 Ill. 437; Coburn
v. Tyler, 41 Ill. 354.

Mr. M. O. SOUTHWORTH, for defendants in error; contending
that under the statute of 1861, a lien is good if the work is
done or materials actually furnished within one year, whether
any such agreement was made or not, cited Coburn v. Tyler,
41 Ill. 354; Baxter v. Hutchings, 49 Ill. 120; Corey et al. v.
Crockey et al. 57 Ill. 252; Roach et al. v. Chapin, 27 Ill. 197;
Orr v. Northwestern Mut. Life Ins. Co. 10 Chicago Legal
News, 166.

SIBLEY, P. J. On the 14th of February, 1874, James Pow-
ell and Charles Barrett filed a petition in the City Court of
Aurora against Henry C. Stout and Mrs. A. C. Rogers to en-
force a mechanic's lien upon a lot of ground situated in that
place, for furnishing a quantity of lumber and materials to
Stout for the purpose of erecting a frame building upon the
lot of which he was the owner.

The petition alleges that the petitioners, about the month
of February, 1873, entered into a verbal contract with Stout
to furnish him lumber and building material to construct a
house upon this lot. That Stout was, by virtue of the agree-
ment, to pay the petitioners for the materials to be furnished
within five or six months from the time the same were deliv-
ered. That in pursuance of this agreement the petitioners did,
from time to time, deliver to Stout a large amount of materials

for the erection of the building, and that the same were delivered before July, 1873, and used in the construction of the house. That Stout was the owner of the premises, and had failed to pay for the lumber and materials furnished. That Mrs. A. C. Rogers had a mortgage upon the premises subject to their lien, and prayed that she be made a party defendant to the petition.

In March, 1874, the defendants were defaulted and a decree taken against them, which recited that it appeared Stout was indebted to the petitioners in the sum of $733.90, and that the same, by the terms of the contract, became due on the first of July, 1873.    That Mrs. Rogers had a mortgage on the premises, which was made after the materials were furnished by the petitioners, and was subject to their lien.

The decree further provided, that in case Stout should make default in the payment of the amount found due the petitioners within twenty days, the premises should be sold by the Master in Chancery of that Court, and the proceeds of the sale be applied first to the payment of the costs and debt in that proceeding, and the surplus, if any, to be paid over to the defendant Stout.    Mrs. C. A. Rogers has brought the record of that proceeding to this court, and assigned several errors for reversing the decree of sale.

First: That the petition in the case is substantially defective, and should have been dismissed on the hearing.

As the decree will have to be reversed, and leave granted to amend the petition, it does not become necessary to decide all the points made.    But it may, however, be observed that inasmuch as the petition undertakes to set out a verbal agreement made by the petitioners with the defendant Stout, in February, 1873, to furnish lumber and building materials to construct a house on lot No. 9, in the city of Aurora, and that Stout was, by virtue of the agreement, to pay the petitioners for the lumber and materials to be furnished within five or six months from the time the same were delivered; that this, according to the principle established in Fish v. Stubbins, 65 Ill. 492, and Powell et al. v. Webber et al. 79 Id. 134, was a special contract, and that, in such case, it became necessary to allege the time

when the materials were, by the terms of it, to be delivered.

It is not to be disputed that under the present statute a party may declare upon an implied contract, or where the contract is partly expressed and partly implied. But there is no intimation in the contract set out in this case that any part of it was implied. Hence, the inference by all the rules of correct pleading would be that the pleader, after having stated a part of the agreement, and being silent as to the other portions of it, that the unstated portions were such as could not with safety be averred. Thus, in not stating the time, the inference would be that the period agreed upon for the delivery of the materials was beyond the time limited by the statute. Again, the petition alleges that the materials were delivered before July, 1873; how long before that time it does not appear. The decree, it is true, finds the fact to be that it was delivered long enough before July to make the payments, by the terms of the contract, due at that time.

By section 28 of the Revised Laws of 1874, in relation to liens, it is provided that "no creditor shall be allowed to enforce the lien created under the foregoing provisions as against, or to the prejudice of, any other creditor or any incumbrance, unless suit be instituted to enforce such lien within six months after the last payment for labor and materials shall have become due and payable."

The decree recites that the court found from the evidence the amount due the petitioners for materials furnished to the defendant, Stout, by the terms of the contract, became payable on the first day of July, 1873, and also that the plaintiff in error held a mortgage upon the premises described in the petition, but that it was subject to the lien of the petitioners. This was certainly an erroneous conclusion, for the statute is very explicit that such a lien cannot be enforced against any incumbrance unless suit is brought within six months after the last payment becomes due. By this decree it appears that the payments were all due on the first of July, 1873, and suit was not commenced until the 14th of February, 1874, more than seven months afterward. That Mrs. Rogers' mortgage was an incumbrance is conceded in the petition and proven by the decree.

Then upon the facts found, her lien had the preference. But even suppose that it was as decreed, subject to the lien of the petitioners, why she should have been cut off from receiving the surplus, if any, after the payment of their claim, is a little difficult to understand. She was prevented from bidding at the sale, as the decree directed that if any surplus was realized it should be paid over to the defendant, Stout. By the well settled rule in such a case, the surplus should have been ordered to be paid over to the subsequent incumbrancer, or held subject to such further direction as the court might see fit to decree. See Hart et al. v. Wingart, 83 Ill. 282, and authorities referred to.

Whether the Master in Chancery of the Aurora City Court had a right to advertise and sell the property, outside of the territorial jurisdiction of that court, we do not deem it necessary to decide, since the difficulty can be easily obviated upon any sale that may hereafter be ordered by directing it to be made upon the premises.

For the reasons indicated, the decree is reversed and the cause remanded, with leave to the petitioners to amend their petition.

Decree reversed.