WILLIAM R. CLARK *et al.*

*v.*

MICHAEL W. MANNING *et al.*

1. MECHANIC'S LIEN—*when no time is fixed for completing contract or for payment.* Where work is done in the erection of a building under a written agreement, in which no time is fixed for the completion of the work, but the same is completed within a year from the commencement of the labor, the workmen will be entitled to a lien, under the act of 1861.

2. The act of 1861 gives the mechanic or material-man a lien upon the premises for labor performed or materials furnished the owner at his request for erecting or repairing any building on his land, within one year from the date of the undertaking, whether the contract is expressed or arises by implication from the acts of the parties.

3. SAME—*misdescription of premises in contract.* A misdescription of the premises upon which work and labor are done in the erection of a building, in the written contract of the parties, will not prevent the laborer from having his lien upon the premises which are truly described in the petition, and upon which the work was actually done.

4. FORMER DECISIONS. The cases of *Fish* v. *Stubbings*, 65 Ill. 492, and *Powell* v. *Webber*, 79 Ill. 134, in so far as they hold it essential to the existence of a mechanic's lien that the contract, whether express or implied, should prescribe the time within which the work must be completed, or the materials furnished, are overruled. The rule in that regard was changed by the act of 1861.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

This was a petition for a mechanic's lien, filed by Wm. R. Clark and Lewis E. Clark against Michael W. Manning, Henry L. Hammond and Edward A. Lawrence.

The written contract entered into on May 10, 1873, provided that the petitioners should make, erect, build and finish in a good and substantial and workmanlike manner, a brick building on the lot of Manning, known as lot 1, block 2, in Smith's subdivision of the north-west quarter of the north-east quarter, section 18, town 39, range 14 east of the third principal meridian. No time was expressed for the completion of the building, but the contract price of $2800 was to be paid, $1000 as the building progressed, and the balance in thirty days after the completion of the building.

Manning was the owner of lot 1, block 2, in S. F. Smith's subdivision of the north-east quarter of the north-east quarter of section 18, town 39 north, range 14 east, upon which the building was erected under the contract.

On a trial the court found for the defendants, upon which judgment was rendered.

Messrs. PAGE, PLUM & FRY, and Mr. C. M. HARDY, for the appellants.

Mr. F. C. INGALLS, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a proceeding to establish a mechanic's lien on the premises described in the petition. In the contract between the parties the premises were not correctly described, but it is evident from the testimony the building was erected on property owned by defendant as described in the petition, and it is equally clear the work was done under and in pursuance of the written agreement. No time was fixed or specified in the contract within which the work was to be completed, and it is said petitioners, for that reason, can have no lien under the statute for anything due them under the express contract between them and the owner. This is a misapprehension of the law on this subject. The contract was entered into in May, 1873, was performed within one year, and hence the case falls

under the provision of the law of 1861, which is as follows: "That chapter 65 of the Revised Statutes of 1845, entitled 'Liens,' shall be held to include implied as well as expressed contracts under which labor or materials are furnished at the request of any owner of land or town lot for erecting or repairing any building or the appurtenances of any building on such land or town lot, when no price is agreed upon or no time is expressly fixed for the payment of such labor or for the furnishing of such labor or materials: *Provided,* that the work is done or materials furnished within one year from the commencement of said work or the commencement of furnishing said materials."

No explanation can render this section of the statute plainer than it is. Prior to its passage the act of 1845, entitled "Liens," was in force, and it had been held by this court not to apply to implied contracts or to expressed contracts where no time had been agreed upon for doing the work or furnishing the materials, or where no day of payment had been agreed upon. Undoubtedly it was to correct these defects in the law of 1845 that the act of 1861 was passed. No words could have been used to make the intention clearer. It was declared the former act should "be held to include implied as well as expressed contracts," provided only, the work was done or materials furnished within one year from the commencement of the work or the commencement of furnishing the materials. This act was first passed upon in *Roach* v. *Chapin,* 27 Ill. 194. In that case the petition contained no allegation that there was any time specified within which the materials were to be furnished. It was said the objection would be fatal under the law of 1845. Reference was made to the act of 1861, and it was declared the case fell within its provisions. Hence the conclusion was reached, the want of such an allegation presented no ground for sustaining the demurrer to the petition. In the *Chicago Artesian Well Co.* v. *Corey,* 60 Ill. 73, it was ruled, the act of 1861 only requires, in order to create a lien so far as the agreement of the owner of the land and the mechanic

or material-man is concerned, that labor or material should be furnished at the request of the owner for erecting or repairing any building on his land where no price is agreed upon or no time is expressly fixed for the payment of such labor or materials, provided the work is done or materials furnished within one year from the commencement of the labor or the commencement of furnishing the materials. It is apprehended it can make no difference whether the contract is express or arises by implication from the acts of the parties. In either case the act of 1861 gives the mechanic or material-man a lien upon the premises for labor performed for or materials furnished the owner at his request for erecting or repairing any building on his land within one year from the date of the undertaking. No other agreement, express or implied, is necessary in order to the creation of the lien. The same construction of the act of 1861 is recognized in *Freedman* v. *Carr*, 75 Ill. 385.

The case of *Fish* v. *Stubbings*, 65 Ill. 492, seems to sanction a contrary construction of the act of 1861, but that case must have been decided without sufficient reflection, as no reference is made to the amendatory act of that date. Evidently it was thought the case was controlled by the act of 1845, as a case decided under that law is the only authority cited in support of the decision. The case of *Powell* v. *Webber*, 79 Ill. 134, inadvertently follows *Fish* v. *Stubbings*, and both cases, so far as they conflict with the previous decisions of this court, are overruled.

The rule adopted in the earlier cases on this subject was acted upon in *Eyster* v. *Parrott*, 83 Ill. 517, but without any discussion of the act of 1861.

Other matters of minor importance have been suggested in the argument, but it is not thought they require any discussion at this time.

The decree will be reversed and the cause remanded.

*Decree reversed.*