## JAMES POWELL ET AL.
### v.
## ASENATH ROGERS ET AL.

IMPROVEMENTS ON MORTGAGED LANDS.—Appellants foreclosed a mechanic's lien upon lands on which was a mortgage, but subject to their lien. At the sale under the lien proceedings appellants became the purchasers, through their agent, and afterward placed valuable improvements upon the premises. Subsequently the decree in the lien proceedings was reversed on writ of error, and the mortgagee then claimed the benefit of the improvements made subsequent to the mortgage. *Held*, that she was entitled to such improvements.

APPEAL from the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding. Opinion Filed August 8, 1882.

Mr. M. O. SOUTHWORTH and Mr. CHARLES WHEATON, for appellants; that this being a chancery proceeding, all matters necessary to present the facts and settle all rights in the

property, should be admitted, cited Kimball v. Cook, 1 Gilm. 423; Garrett v. Stevenson, 3 Gilm. 261; Ross v. Derr, 18 Ill. 245; Hamilton v. Dunn, 22 Ill. 259; Lomax v. Dore, 45 Ill. 379; Martin v. Eversal, 36 Ill. 222.

A holder under a defective title, though with notice, may be considered a mortgagee in possession, and entitled to repayment of advances, made in good faith, and expended in improvements: Morgan v. Clayton, 61 Ill. 35; McConnell v. Hollowbush, 11 Ill. 61; Blair v. Chamblin, 39 Ill. 521; Roberts v. Fleming, 53 Ill. 196; Putnam v. Ritchie, 6 Paige's Ch. 390; Benedict v. Cilman, 4 Paige's Ch. 57; Bacon v. Cottrell, 13 Minn. 194; Troosh v. Davis, 31 Ind. 34; Wetmore v. Roberts, 10 How. Pr. 51.

A judgment of a court having jurisdiction is valid, and can not be attacked collaterally: Nineberly v. Hurst, 33 Ill. 166; Wight v. Wallbaum, 39 Ill. 555; Elston v. Chicago, 40 Ill. 514; Mulford v. Stalzenback, 46 Ill. 303; Huls v. Buntin, 47 Ill. 396; Horton v. Critchfield, 18 Ill. 133.

Mr. C. D. F. SMITH, for appellee Rogers; that the mortgagee is entitled to the improvements upon the mortgaged premises, cited Hughes v. Edwards, 9 Wheat. 489; Boonman v. Wood, 27 N. J. Eq. 371; Martin v. Bently, 54 Ill. 100; Childs v. Dolan, 5 Allen, 319; Horn v. Adams, 8 Allen, 363.

LACEY, J. The appellants being dealers in lumber and building material, furnished to appellee Stout, lumber and building material to the amount of $733.90, to build a house on his lot in the city of Aurora.

This was in February, 1873; the lumber was to be paid for at the customary price, the work to be commenced at once, and the material was to be furnished as fast as the workmen needed, and the last of the material was furnished in June following. Stout, by the contract, was to pay for the lumber within five or six months after it was delivered. Stout having failed to make payment, this suit was commenced to enforce his mechanic's lien. The petition in this case was filed Feb. 14, 1874.

The petition shows that appellee Rogers held a mortgage for $2,000 on the premises subject to the lien for lumber. Decree of foreclosure on the mechanic's lien was rendered March 21, 1874, default being entered both against Stout and Rogers. The lot was sold and bid in by one A. D. Warner, agent for appellants, May 16, 1874, for the amount of their decree and interest and costs, $766,36, and the certificate afterward assigned to them by Warner, and the lot not having been redeemed, the appellants received a deed for the land. About August, 1876, the appellants built a new house on the lot at an expense of about $2,800. Afterward, Nov. 23, 1878, upon writ of error sued out by appellee Rogers from the Appellate Court of the Second District, the decree was by that court reversed, and the cause remanded with leave to amend the petition.

After the petition was first filed and before the cause was heard, the house that had been built out of the materials furnished by appellants, was burned down, and an insurance policy held by appellee Rogers for $2,000 was collected to the amount of $1,627.45, and applied by her on her mortgage.

Before the writ of error was sued out of this court, appellee Rogers filed a bill in equity, to impeach the decree against her for fraud, and because she had been misled by statement of the deputy sheriff who served the summons, not to make a defense. This issue the court decided against her and dismissed her bill.

After the reversal of the decree, see 1 Bradwell, 631, the appellee Rogers had the lot advertised for sale, under a power for that purpose contained in the mortgage. Thereupon the appellants filed their supplemental bill, showing their purchase and deed, and the building of the new house, the subsequent reversal of the decree, and claiming an estoppel as against appellees as to the value of the improvements which they had put upon the lot on account of her acts *in pais*, and the decree against her in the chancery proceeding, claiming as against Stout and her, the priority of the original claim for the lumber as well as the $2,800 of improvements placed on the lot prior to the time the decree was reversed,

and procured an injunction against the sale. The appellee Rogers filed an answer to the original, as well as supplemental petition, claiming priority for her mortgage as against all claims except the original mechanic's lien, and as to this denies the appellant's claim.

Default and decree *pro confesso* was taken against appellee Stout. Upon a hearing of the case, the court below on Nov. 1, 1881, rendered final decree to the effect that the appellants were entitled to a mechanic's lien for the amount of materials furnished Stout, of the value of $733.90, and interest thereon from Dec. 10, 1873. That the appellee's mortgage balance of $825 (remaining due) was a lien subsequent to the mechanic's lien. The court further finds that appellants, as alleged in their supplemental bill of August, 1876, made improvements on the lot to the amount of $2,800, but that they were not entitled under the evidence to recover therefor, and the relief prayed for in their supplemental petition was denied. The court then decrees that in default of the payment by Stout of the mechanic's lien claim, $1,072.79, the master sell the lot, and of the proceeds pay: 1st, the costs; 2d, the appellant's claim for lumber; 3d, pay the amount due to appellee Rogers, on her note and mortgage, and bring the balance into court.

By reference to the opinion, it will be seen that the decree was reversed by this court for mistake of the circuit court in its finding in the decree as to the time when the last payment became due, it being more than six months prior to the time the suit was commenced, and because the court directed the surplus to be paid to Stout, and not to Mrs. Rogers, and because the contract was a special contract as shown by the allegations in the petition, and hence the petition must allege when the materials, by the terms of the contract, were to be delivered, following Fish v. Stubbins, 65 Ill. 492, and Powell et al. v. Webber et al. 79 Ill. 134, ignoring the statute of A. D. 1861. Since that time those decisions have been overruled by the Supreme Court in Clark et al. v. Manning et al. 90 Ill. 380. The statute of 1861 provides that the mechanic's lien law shall extend to cases where the contract is implied as

well as express, under which the labor and materials are furnished, etc., when no price is agreed upon or no time is expressly fixed for the payment of such labor, or the furnishing such labor or materials.

So far as the decree was reversed on the last named ground, it was a mistake of the court, induced by following the decisions of the Supreme Court.

As to the ground of reversal assigned that the decree provided for the payment of the surplus to Stout instead of Mrs. Rogers, this only went to the distribution of the surplus and should not have affected the decree of sale itself. The other point upon which the decree was reversed, that the finding showed it had been more than six months after the claim for the material became due, before the suit was commenced, was a mere mistake of the court below in drafting the decree.

Hence, the causes for reversal were merely technical, and one of the alleged errors was not a good cause.

But, however this may be, the decree was wholly reversed by this court, which left the case remaining the same as though no decree had been rendered by the court below, so far as Mrs. Rogers' interest was concerned. The fact that she filed a bill seeking to impeach the decree prior to the time of its reversal can make no difference now.

If the decree had not been reversed the dismissal of her bill would have been an estoppel against her to set up anything against the decree on account of the grounds alleged by her, but the decree having been subsequently vacated, it must now be held for nought.

Upon a careful examination of the evidence, we can find no grounds for holding that Mrs. Rogers is estopped from claiming the benefits accruing to the lot on account of the improvements put on it by appellants.

She in no way encouraged the appellants to put the improvements on the lot, nor held out any inducements that she would abandon all claim if they did. She deceived them in no way. The appellants knew full well her right to take out a writ of error from this court any time within five years, and getting no release or promise or sanction from her, put the

improvements on at their own risk. The lot having been bid in by Warner for the appellants, it was as to them the same as though they had bid it in themselves, and they are held to notice to all the defects in the proceedings: Guiteau v. Wiseley, 47 Ill. 433; and if in the meantime they have put valuable improvements on the land they purchased, they can claim nothing on the ground of such improvements as against a mortgagee. Galpin v. Page, 18 Wall. 350; McJilton v. Love, 13 Ill. 486; Wadhams et al. v. Gay, 73 Ill. 415.

A mortgagor or other person making improvements on land subject to mortgage, does so for the benefit of the mortgagee: Hughes v. Edwards, 9 Wheat. 489; Boonman v. Wood, 27 N. J. Equity, 371; Martin v. Bently et al. 54 Ill. 100; and it makes no difference that the party making the improvements supposed the title to be good: Childs v. Dolan, 5 Allen (Mass.), 319; Horn et al v. Adams et al. 8 Allen (Mass.), 363, 369. We find no error on the part of the court below in decreeing that after the payment of the costs and appellants' claim for mechanic's lien, the claim of appellee Rogers should be next paid out of the proceeds of the sale, which includes the improvements as well as the original value of the lot.

But we think the court erred in holding that the appellants as against appellee Stout, should not be reimbursed for the improvements put on the lot by them, as well as all taxes paid by them on the lot. They were in possession under a decree and sale, and deed in good faith, and the improvements were made on the lot in good faith after they acquired the deed. .

Stout did not appeal nor take a writ of error, nor has he ever objected to the first decree.

It was reversed at the instance of Mrs. Rogers alone. He did not at the second hearing make answer or deny the relief sought by the supplemental bill.

The appellants were valid lienors, and in attempting to collect their claim for lumber and material, purchased the property, took a deed, and made the improvements in good faith, to none of which proceedings has Stout ever made the least objection, and we think the appellants, under the circum-

stances, as against Stout, should have the benefit of the improvements and taxes paid.

Stout has no equitable claim to the proceeds of the improvements. If Stout were allowed the benefit of the improvements, the result would be that the appellants, in attempting in good faith to collect an honest debt, and a lien on the lot in question, would pay Stout the sum of $2,800 in order to collect $1,072, which, after paying Mrs. Rogers $825, would leave him a net balance of some $903, this being more than the value of the lot at the time these proceedings were instituted, and Stout is freed from the mortgage debt as well as the claim for lumber. In equity, certainly, Stout has no claim for such benefit. The decree as to appellee Rogers and payment of costs, and appellants' lumber claim, is affirmed, but modified so as to allow appellants to retain all surplus after paying costs, and their claim for lumber, and Mrs. Rogers' claim to the extent of their improvements, $2,800, and any taxes paid on the lot, if any, that the master pay the same into the circuit court, to be by the court ordered to be paid to appellants, and if any balance remains, to pay the same to Stout.

Decree affirmed in part, and modified, and costs of this court to be charged against Stout.