64   425
66   664

## Michael M. Levinson v. Edward J. Malloy.

1. Mechanic's Lien—*Insufficient Statement.*—The court holds that the statement of the claim for a lien set out in the statement of the case sufficiently sets forth the time when the material was furnished and labor performed, and is sufficient under the statute.

2. Same—*Sufficiency of Contract.*—Where the labor is performed within one year from the time within which the contract was made, the performance brings the contract within the statute.

Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

### Statement of the Case.

Appellee filed a bill in the Circuit Court of Cook County to enforce a claim for a mechanic's lien for $360 against the

premises of appellant, described as lot 7, block 10, Vernon Park addition to Chicago, a subdivision of section 17, township 39, range 14 east of the third principal meridian, Cook county, Illinois. The bill sets forth the making of a verbal contract between appellant and appellee about April 5, 1894, for the furnishing of material and the performance of the labor in and about the mason work for the construction of a building upon the above premises for the sum of $785. That said work was begun about the 11th of April, 1894, and finished on July 17, 1894, and that all except $360 has been paid. That on the 13th of November, 1894, complainant filed with the clerk of the Circuit Court of Cook County a just and true statement or account and demand of his claim after allowing all credits and setting forth the time when such material was furnished or labor performed, a copy of which statement is annexed and marked " Exhibit A." The bill prays for relief and that a lien be decreed. " Exhibit A" sets forth that the following is a just and true statement or account or demand due to Edward J. Malloy from Michael M. Levinson after allowing all credits and set-offs for material furnished to and labor performed for the said Michael M. Levinson in accordance with a certain verbal contract made the 5th day of April, 1894, to furnish the material and perform the labor in and about the mason work upon the two story and basement brick building situated upon the hereinafter described premises for the sum of $785. Then follows :

" CHICAGO, November 1, 1894.
Michael M. Levinson to Edward J. Malloy, debtor :

To amount due for mason work upon your two-story and basement brick building in rear of No. 273 Loomis street, Chicago, Illinois, $785.

The said $785 being the contract price for said mason work, according to the terms of verbal agreement made on, to wit, April 5, 1894. The said mason work being commenced on, to wit, April 11, 1894, and completed on, to wit, July 17, 1894, the said sum of $785 became due and payable on completion of said mason work on, to wit, July 17, 1894."

Underneath, credits are given to the extent of $425, and a description of the property as already set forth. This is followed by an affidavit of Edward J. Malloy that he has read the foregoing statement or account or demand due him, said Malloy, from said Levinson, by him subscribed, and that the same is just and true. That the description of the real estate contained therein is true.

To this bill a general demurrer was interposed by appellant and another defendant, which was overruled by the court, and the defendant filed an answer denying all the allegations except as admitted, and denying that complainant had filed in the office of the clerk of the Circuit Court a just and true statement or account or demand, after allowing all credits and setting forth the times when any material alleged to have been furnished was furnished or labor performed, and containing a correct description of the property to be charged with a lien duly verified by affidavit; and denying that complainant is entitled to any relief and praying the same advantage of the answer as if he had pleaded or demurred to the bill. A replication having been filed the cause was referred to a master in chancery to take testimony and report his conclusions. Pursuant to this order of reference, the master, on June 28, 1895, made his report to the court, in which he recited that he had taken the testimony and found the allegations made in bill of complaint sustained by the proofs, and that there was due appellee $360, together with interest due from July 17, 1894, and that complainant is entitled to a mechanic's lien on said premises. Objections were filed before the master and were afterward, by agreement of parties, ordered by the decree of the court to stand as exceptions. The only evidence introduced before the master, accompanying the report, was that of appellee, who stated in substance that he had made a verbal contract with appellant, as already noted, and that he built a building pursuant thereto in the rear of 273 Loomis street; that he completed the work by the 17th day of July, 1894, and it was accepted by appellant; and that he received payments aggregating $425, leaving a balance of $360, for which he

took a note payable in sixty days and which has not been paid. On cross-examination, the witness testified that under the contract he was to furnish stone, lime, sand, cement and brick, and in response to the question, "What materials did you furnish?" he answered, "I furnished brick, lime, and sand." He stated further that he was unable to tell what part of the $360 represented the material and what part labor. The statement already referred to was offered in evidence, and this comprised all the testimony upon the question of the lien.

The master's report was confirmed, and a decree entered in accordance therewith. ·

BLUM & BLUM, attorneys for appellant.

GEORGE W. PLUMMER, and WHARTON PLUMMER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee having made a contract to do the mason work upon a certain building, the work and materials were furnished when he completed his contract, viz: July 17, 1894. The statement filed with the clerk of the Circuit Court truly set forth the time when the material was furnished and labor performed, and was in accordance with the statute. Freed v. Blanchard, opinion filed May, 1896, Supreme Court of Illinois.

The work was performed within one year from the time within which the contract was made; the performance brought the contract within the statute. Driver v. Ford, 90 Ill. 595; Orr v. N. W. Mut. Life Ins. Co., 86 Ill. 260; Clark et al. v. Manning et al., 90 Ill. 380.

No objection was made in the court below that the past due, unpaid note given by appellant, had not been surrendered to him. The objection can not for the first time be here made.

The evidence by clear inference shows that the improve-

ment is upon the lot known as 273 Loomis street.  " Build-
ing in the rear of 273 Loomis street," means upon the rear
part of 273 Loomis street.

The decree of the Circuit Court is affirmed.