Harvey & Mose Plumbing Co. v. C. W. Wallace et al.

1. MECHANICS' LIENS—*Under Written Contracts.*—Under a written contract, no lien will attach where the time stipulated for the completion of the work or furnishing of the material is beyond three years from the date of the contract, or the time of payment beyond one year from the time stipulated for the completion thereof.

2. SAME—*Under Verbal Contracts.*—When the work is done or materials are furnished under a verbal contract, no lien will attach by virtue of the mechanics' lien law unless the work is to be done or materials furnished within one year from the date of the contract.

Petition for a Mechanic's Lien.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

ELMER H. ADAMS, attorney for appellant.

E. S. CUMMINGS, BURTON & KANALLY and DUNN & RIPPLE, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was in part a proceeding under the mechanics' lien law now existing in this State. Some of the contracts under which claims were made were in writing, some were verbal, all were express; in none was any time fixed for the completion of the work or improvement.

Section 6 of the lien law, so far as it relates to written contracts, is:

"If the contract be written, no lien shall be had by virtue of this act, if the time stipulated for the completion of the work or furnishing the material is beyond three years from the date of the contract, or the time of payment beyond one year beyond the time stipulated for the completion thereof."

As to verbal contracts the language is:

"If the work is done, or materials are furnished under a verbal contract, no lien shall be had by virtue of this act, unless the work shall be done or material furnished within one year from the date of the contract."

It is conceded by the claimants that the case of Freeman v. Rinaker, 185 Ill. 172, is decisive of and adverse to the claim under the written contracts, while it is contended that a lien is given to contractors who, by express verbal contracts, furnished material, although no time was fixed for the completion of the work or payment therefor. As to this see Rogers v. Concord Apartment House Co., 93 Ill. App. 302.

It certainly would be remarkable if the law gives in this regard a preference to verbal over written contracts.

None of the complainants completed its contract, and none gave the notice required in such case by section 4 of the law.

As an excuse for this it is said that the architect stopped the work. In so doing he not only acted without authority and in violation of his duty, but as he himself testified, not in or for the interest of Mrs. Wallace, "but in order to protect the contractors;" "I simply stopped work."

None of the claimants had any reason to think this was done at the instance, desire or by authority of the owner; each could easily have ascertained by asking her whether such was the case.

We have here a case in which the work of the respective claimants was never completed and in which none followed the course pointed out by the statute.

The decree of the Superior Court denying the petition for a lien is affirmed.