### Friederich W. Zuttermeister v. Central Lumber Co.

1. Mechanic's Lien—*Upon Verbal Contract.*—In order to entitle a party to a mechanic's lien upon a verbal contract, the materials must have been furnished within one year from the date of the contract, and the final payment made within one year from its date.

**Petition for Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded with directions. Opinion filed November 11, 1902. Rehearing denied.

Ives, Mason & Wyman, attorneys for appellant.

E. H. Adams, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the court.

This was a petition for a mechanic's lien. Upon the hear-

Zuttermeister v. Central Lumber Co.

ing it appeared that October 14, 1898, appellee made a verbal contract with Carl C. H. Anderson to furnish certain lumber for a building which he was to erect. At the making of this contract Mr. Anderson stated that he thought it would take six to nine months to finish the building and he wished to make two payments for the lumber he desired. The first when the building was under roof and the second when it was finished; whereupon appellee agreed to furnish the lumber upon such terms. During the progress of the work it stopped for a time and nothing was being done upon the building. Appellee states that the building was unprotected and they did not care to deliver lumber there unless there was somebody to look after it. As a consequence of such stoppage the last delivery of lumber made by appellee was the 28th of November, 1899, about thirteen and one-half months from the time of the making of the contract.

No suit was begun and no statement of claim filed by appellant until January 27, 1900. Section 6 of the Mechanic's Lien Law provides:

" If the work is done or materials furnished under a verbal contract, no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment thereof is to be made within such time."

The contract in the present case was verbal. The materials furnished were not supplied within one year from the date of the contract and if the contention of appellee is correct that payment was not to be made until all the materials had been delivered, then the contract in its operation provided for a payment to be made more than one year from its date. The contract was, as before stated, that the second and final payment to appellee should be made when the building was finished—a thing which was expected would happen within nine months from the making of the contract, but it actually did not take place until more than thirteen months from the making of the contract.

Appellee's principal contention is that it is entitled to a

lien because of the delay in the doing of the work, the stoppage of building that occurred. It does not appear that appellee was prevented from making delivery, but that owing to the fact that no work was going on and no one was at the building it did not see fit to or did not think it best to deliver lumber under such circumstances.

The statute is very clear and has been frequently passed upon. Rogers v. Concord Apartment House Co., 93 Ill. App. 302; Harvey v. Mose Plumbing Co., 99 Ill. App. 212.

Appellee has not lost his claim against Mr. and Mrs. Anderson, who purchased the lumber, that exists by virtue of the common law. Mechanics' liens exist entirely by force of a statute which affords to certain kinds of business a security not vouchsafed to others.

The materials supplied by appellee under a verbal contract, not having been furnished within one year from the date of the contract, and the contract not providing that final payment should be made within one year from its date, appellee is not entitled to a lien upon the premises as against appellant, with whom appellee had no contract and who is in no way personally liable for the payment of any indebtedness contracted by the owners of this property with appellee.

The decree of the Superior Court is reversed and the cause remanded, with directions to dismiss the petition at the costs of appellee.